OLE NESVOLD and Hulda Nesvold, Respondents, v. W. J. GERDING, Appellant.

(190 N. W. 815.)

**Trover and conversion — conversion of buildings shown.**
　　1. The facts pleaded and proved by plaintiff, in the state of the record, establish conversion by the defendant of certain of plaintiff's buildings, more particularly described in the opinion.

**Evidence — defendant's testimony of oral bargain for purchase of farm where buildings alleged converted were situated held admissible.**
　　2. The court erred in excluding certain testimony offered by defendant.

Opinion filed November 22, 1922.

Evidence, 22 C. J. § 1557 p. 1162 n. 67. Trover and Conversion, 38 Cyc. p. 2026 n. 43; p. 2081 n. 1; p. 2086 n. 25.

An appeal from a judgment of the District Court of Ward County, *Geo. Moellring*, J.

Judgment reversed.

Note.—On necessity of demand and refusal to show conversion of property, see 26 R. C. L. 1122; 4 R. C. L. Supp. 1699; 5 R. C. L. Supp. 1441.

On acts which constitute conversion, see 26 R. C. L. 1110; 4 R. C. L. Supp. 1698; 5 R. C. L. Supp. 1440.

*Funke, Campbell & Eide,* for appellant.

There was no transfer or conveyance of these buildings by Gerding to Jones, therefore no sale, no transfer of title, no conversion. It is true that an owner selling land may expose himself to an action in trover provided his *conveyance carries* the house as part of the realty. Dolliver v. Ela, 128 Mass. 557; Dolliver v. McLaren (Mich.) 26 N. W. 583; Osborn v. Potter (Mich.) 59 N. W. 606; Wagner v. Cleveland (N. H.) 75 Am. Dec. 195; Wagner v. Cleveland (Ohio) 10 Am. Rep. 770; Stout v. Stoppel (Minn.) 14 N. W. 268; Shapiro v. Barney (Minn.) 14 N. W. 270.

However, in all the above cases, it will be noticed that it is an essential condition and element that the *conveyance* of the land *carries* the house. If, in the conveyance of the land, the title to the buildings does not pass for any reason, there is no conversion. 38 Cyc. 2018, 2020; Russel v. Richards (Me.) 25 Am. Dec. 254; Harris v. Gillingham, 23 Am. Dec. 700; Osgood v. Howard, 20 Am. Dec. 322; Sparks v. Hess, 15 Cal. 197; Jewitt v. Partridge, 12 Me. 252; Tapley v. Smith, 18 Me. 15; Pullen v. Bell, 40 Me. 314; Giles v. Simonds, 15 Gray 443; Peaks v. Hutchinson (Me.) 59 L.R.A. 279.

The sale of property to amount to conversion must be accompanied by delivery, that is, it must deprive the owner thereof. 39 Cyc. 2026. See in this connection the Michigan case, Mills v. Van Camp, 2 N. W. 938.

Conceding for the purposes of argument that Nesvold had the ownership of the buildings, then we submit that at the time of the sale he was in possession, and the rules in this jurisdiction are to the effect that such possession charges the purchaser with notice of the rights of the possessor, and as a consequence no title passed. Krause v. Krause, 30 N. D. 54; Sommer v. Miller (S. D.) 142 N. W. 174; Quaschneck v. Blodgett, 32 N. D. 603; Glendenning v. Hawk, 8 N. D. 419; Parker v. First Nat. Bank, 3 N. D. 87; Miller v. National Elev. Co. 32 N. D. 352.

With reference to the rights of the plaintiff and his ownership of these buildings erected upon lands of another, and the buildings not having been removed before termination of his tenancy, we cite, in addition to the above cases, the following, to the effect and holding that plaintiff was not the owner of the building. Stockwell v. Marks,

35 Am. Dec. 266; Hughes v. Kershaw, 15 L.R.A.(N.S.) 724; Fitzgerald v. Anderson (Wis.) 51 N. W. 554; Suits v. Park (Minn.) 16 N. W. 490; Free v. Stuart (Neb.) 57 N. W. 991; 11 R. C. L. 15, 16; Brigham v. Overstreet, 10 L.R.A.(N.S.) 452.

We submit that the complaint does not set forth ownership, general or special, and possession or immediate right to possession sufficient to constitute a cause of action in conversion. Parker v. First Nat. Bank, 3 N. D. 87; Glendenning v. Hawk, 8 N. D. 419; Miller v. National Elev. Co. 32 N. D. 352; Humpfreier v. Osborne (S. D.) 50 N. W. 88.

*McGee & Goss* (*E. O. Haroldson* of counsel), for respondent.

As the fact depriving plaintiffs of their property was both *fraudulent* and *tortious,* no demand for value or payment is necessary to constitute conversion, under all the authorities. 26 R. C. L. 1098, 1110, 1113, note 25, 1119, note 30, 1122, note 33, 1137.

"*Persons liable.* In trover, it may be stated as a general rule that one who receives, without right, the direct benefits of the personal property of another is liable in trover for the value of the same." 26 R. C. L. 1138, note 31.

In addition to the Ruling Case Law, on the sufficiency of facts to state a cause of action and define a conversion, see the following authorities. 38 Cyc. 2019, subd. 3.

GRACE, J. This is an appeal from the judgment of the district court of Ward county, where in an action for conversion, plaintiff recovered a judgment which, including costs, amounted to $842.35. The action is one in conversion brought to recover the value of certain buildings owned by plaintiffs, which they claim have been converted by defendant. In due time after the entry of the judgment, plaintiffs made a motion for judgment notwithstanding the verdict or for a new trial, which was denied.

The material facts necessary to be stated, follow: Prior to August 1918, one Dr. Yoeman owned the SW¼ of section 18, township 160, range 83 and Ole Nesvold owned the SE¼ of the same section. For several years prior to that year, Nesvold had rented the Yoeman quarter and lived upon it. Under an arrangement with Yoeman he placed upon the rented land from Yoeman, three certain buildings, a

49 N. D.—14.

chicken house, a machine shed, and another small building, with the understanding and agreement that when he moved from the land he could take the buildings he had placed thereon. In August 1918, the defendant purchased the Yoeman's quarter with actual knowledge of plaintiff's ownership of the three buildings above mentioned. On the 7th day of September 1918, the defendant purchased the Nesvold quarter under the terms of a written agreement. The defendant took no deed of the Yoeman land from Yoeman to himself, but caused it to be deeded to one, George W. Jones, who purchased it from the defendant. The defendant also sold to Jones the Nesvold quarter. At the time of the sale and transfer of the land to Jones, Nesvold was in actual possession of the Yoeman's quarter and was there at the time Jones arrived and took possession of it. Nesvold about this time attempted to remove the three buildings, but by Jones was not permitted to do so. He then went to Truro, a small town about thirty-five miles from Minot, and telephoned to the defendant at the latter place, who informed him that the buildings belonged to the defendant and forbade their removal from the premises.

The defendant specifies numerous errors, all of which have been considered. The decision of two of them will dispose of this appeal. He contends under the first assignment that the facts pleaded and proved by plaintiffs do not establish conversion of the buildings by the defendant, nor give a right of action against him on that ground. We deem it unnecessary to go into a lengthy discussion of the reasoning of defendant with reference to the essential elements of conversion, or to discuss at length the authority cited by him. It is unnecessary to consider all the refinements that may bear upon or enter into the subject of conversion. The case is simple. It is certain that plaintiff was the owner and had the right to possession of the buildings, unless, as defendant maintains, that plaintiff sold them to him. In effect it is the claim of defendant that the consideration expressed in the written agreement covering the land represented the agreed purchase price for both the land and these buildings; this claim will receive further consideration later in the opinion, but for the present it will be assumed as plaintiff contends, that the buildings were not included with the sale of the land. If the plaintiff lost the buildings, by whose act did he lose them? There can be but one answer to this question, which is,

he lost them by reason of the defendant exercising dominion over them, and selling them to Jones. In making that sale he must necessarily have assumed the attitude of claiming that the buildings were his; that he had a right to take and dispose of them for his own benefit and use. If the buildings were not in fact his, he converted them to his own use when he disposed of them as above stated, knowing they were plaintiff's buildings. If this be true, defendant's acts in this respect were tortious. By his acts he excluded the plaintiff from dominion over his property and asserted it in himself and sold it, and this, in defiance of and inconsistent with the plaintiff's rights of property. This was conversion of property, nothing less, 26 R. C. L. 1098, 1110, 1113.

Defendant's second assignment of error rests upon the claim that certain evidence offered on behalf of defendant was excluded and stricken out. By this evidence, defendant attempted to show that the three buildings which at the time defendant purchased plaintiff's land, were on the Yoeman quarter, were included in the deal, that is, in the purchase of plaintiff's land. With reference to this, the defendant gave the following testimony: "I told Mr. Nesvold that I had bought the Yoeman's place and that I would like to figure with him buying his quarter. We talked over about—we talked the matter over about the buildings and he said that he had a couple of buildings on the Yoeman's farm, which I knew. Dr. Yoeman had told me. So I agreed with him that I would buy his quarter and it was understood perfectly that the buildings on the Yoeman's place should go in with the deal." He said, "If I sell my farm I have no further use for the buildings, and he said that if we come to a close, or the close of a deal, that I might sell them off; that he had no more use for it. That he expected to move out of the country; away down to Willow city."

The defendant further testified that Nesvold said that if he did not sell, he would have to buy a house, and that he didn't have the money to buy that with. Defendant testified to the effect that this conversation was had after defendant had purchased the Yoeman land and after he had informed Nesvold to that effect. All of such evidence on objection by plaintiff was excluded; the court did not permit it to be considered by the jury and instructed the jury to that effect. In this, we think, the court erred. It should have received such testimony. It

related, we think, to the question of consideration. We think, however, in this connection, that it is incumbent upon the defendant before he can avoid liability to show that there was an agreement under which the buildings were purchased, other than the written one. The buildings were not included in the deal under the written agreement. If there were another agreement under which they were purchased, and that can be shown by competent evidence, such evidence would be competent and admissible. The reception of evidence of such an agreement, if any, and proof relating to the consideration of the written agreement would not, we believe, violate the rule, that parol evidence is not admissible to vary the terms of a written instrument.

We think it is clear there must be a new trial. The judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Appellant is entitled to his costs and disbursements on appeal.

BIRDZELL, Ch. J., and ROBINSON, J., concur.

BRONSON, J. (specially concurring). I concur in the reversal. Plaintiff's cause of action sounds in conversion. It alleges that defendant took possession of the buildings. The evidence is sufficient to support findings to that effect. Plaintiff's right thereto is based upon an agreement whereby the same remained at all times personal property. It was competent for defendant, under the general denial, to establish lawful possession of the buildings; that, in fact, he had purchased them from plaintiff and paid a consideration therefor. The parol evidence offered tended to show that all of the transactions between the parties, so far as they concerned the buildings in controversy, were not reduced to writing and embodied within the terms of the written contract and the deed. The contract and deed concerned realty. The buildings were personalty. They were situated upon land other than that conveyed in the contract and deed. Under the circumstances, a collateral agreement, concerning such buildings, and as a part of the whole transaction, might have been made and, for plausible reasons, not included within the written evidence which concerned realty. Accordingly, the testimony offered served to show that the written contract was not intended to cover the whole transaction;

that there existed a transaction of partial integration. For such purposes, parol testimony was admissible to prove ownership of the buildings and payment of a consideration. For such purposes, it did not serve thereby to vary the terms of the contract or the deed; nor to enlarge or restrict the subject-matter, the covenants, or the stipulations thereof. See Putnam v. Prouty, 24 N. D. 517, 526, 527, 140 N. W. 93; See 4 Wigmore, Ev. § 2430.

CHRISTIANSON, J., concurs.