## OLE NESVOLD and Hulda Nesvold, Respondents, v. W. J. GERDING, Appellant.

(199 N. W. 860.)

**Appeal and error — refusal of new trial on ground of excessiveness of verdict substantially same as former verdict not disturbed.**

1. In an action to recover the value of certain buildings, it is held, for reasons stated in the opinion, that the verdict is not so excessive in amount as to warrant the court in setting it aside after two verdicts and the refusal of the trial court to grant a new trial on this ground.

Note.— (1) Excessiveness of verd'cts on prior appeal, see notes in 26 L.R.A. 384; 34 L.R.A. 343; 2 R. C. L. 199; 1 R. C. L. Supp. 439.

(2) Prejudicial effect of admission of particular evidence, 2 R. C. L. 250; 1 R. C. L. Supp. 476; 4 R. C. L. Supp. 98; 5 R. C. L. Supp. 88.

Appeal and error — admission of improper evidence for plaintiff as to fact admitted by defendant held not prejudicial: admission of self-serving declaration on behalf of one party held not prejudicial where adversary testified to similar declaration.

2. It is *held,* for reasons stated in the opinion, that there was no prejudicial error in admitting improper evidence.

Opinion filed July 23, 1924.

Appeal and Error, 4 C. J. § 2844 p. 868 n. 68; § 2847 p. 872 n. 14, p. 873 n. 21; § 2955 p. 977 n. 95; § 2957 p. 978 n. 4.

Appeal from the District Court of Ward County, *Moellring,* J. Affirmed.

*Campbell & Funke,* for appellant.

"No verdict should be allowed to stand where it is based upon a negation of well known and accepted facts of common knowledge." Fox v. Le Comte, 2 App. Div. 61, 7 N. Y. Supp. 316. See also Chybowski v. Bucyrus Co. (Wis.) 106 N. W. 833; 7 L.R.A.(N.S.) 357, and note; Fleming v. Northern Tissue Paper Mill, 135 Wis. 157, 15 L.R.A.(N.S.) 701, 114 N. W. 841. See also 2 R. C. L. p. 202, chap. 171.

Where a verdict is so excessive as to indicate that the jury, in finding it, was actuated, not by any intent to make a fair determination as between the parties, but by its passion and prejudice, the court has power to set aside the verdict and grant a new trial. Burdict v. Missouri P. R. Co. (Mo.) 26 L.R.A. 384.

"This is a power the courts ought to exercise unflinchingly." Smith v. Times Pub. Co. (Pa.) 35 L.R.A. 819.

"It (the power to control excessive verdicts) is . . . a power exercised in pursuance of a sound, judicial discretion, without which the jury system would be a capricious and intolerable tyranny, which no people could long endure." Smith v. Times Pub. Co. supra.

"Self-serving acts are but a form of declaration and are within the rules of excluding self-serving declarations." 22 C. J. p. 230.

*McGee & Goss,* and *E. O. Haroldson,* for respondents.

BIRDZELL, J. This is an appeal from an order entered in the district court of Ward county denying the defendant's motion for a new trial. The case was once before this court on appeal from a judgment in Nesvold v. Gerding, 49 N. D. 207, 190 N. W. 815, where the facts will be found to be fully stated. It will suffice, for purposes of the present appeal, to say that this is an action to recover the value of certain buildings owned by the plaintiff. The buildings were upon a quarter section of land which the plaintiff was renting and which was adjacent to a quarter section owned by him. He lived upon the rented quarter and had an understanding with the owner that the buildings placed there by him might be removed at the termination of his tenancy. The owner of the rented land sold it to the defendant in this action, who knew that the buildings belonged to the plaintiff, and the defendant in turn sold this quarter and the plaintiff's quarter to a third person named Jones, and the defendant negotiated with the plaintiff for the latter's land in order to fulfil his contract with Jones. When Jones came to take possession of the land a controversy arose concerning the buildings, and the defendant, by a telephone message, instructed the plaintiff not to remove them as he had sold them to Jones. Thereafter this action was brought.

Upon this appeal, the specifications of error are grouped in three divisions. It is contended that the verdict is excessive in placing the value of the buildings at $850; that the court erred in admitting certain evidence concerning a notice served upon the plaintiff the day before he moved off his land and left the buildings, and that the court erred in admitting certain self-serving acts of the plaintiff. The buildings consisted of a machine shed, a granery and a chicken house. The machine shed, which is the largest and most valuable structure, had been placed on the land about two years before the alleged conversion; the chicken house, about thirteen years before and the granery, about fifteen years. The plaintiff, in his direct examination, placed the value of these buildings, respectively, at $475, $190 and $190, and it appeared upon cross-examination that his valuations were largely based upon the cost of the materials that entered into their construction; also, that allowance was not made for depreciation. The verdict in this case is not greatly in excess of that rendered upon the previous trial, so that the case comes here with a verdict of two juries fixing

the value of the buildings at amounts approximately similar. Furthermore, the trial court has refused, upon the motion for a new trial, to exercise its discretion in favor of the defendant. Consequently, this court would not feel warranted in setting aside the verdict on account of excessiveness, unless it were clearly excessive. In view of the well-known fact of the rising cost of building materials, we could scarcely say that the increase in the value of the buildings, due to such fact, did not offset the depreciation. We are of the opinion that the order of the trial court should not be disturbed on this account.

With regard to the appellant's contention that evidence concerning a notice was admitted without showing the defendant's connection therewith, we think there was no prejudicial error, for the reason that the defendant admits his telephonic direction to the plaintiff to leave the building upon the premises for Jones.

Likewise, we think the contention unfounded that prejudicial error was committed in receiving the evidence of Mrs. Nesvold, the wife of the plaintiff, to the effect that when Jones came to take possession the machine shed had been raised up preparatory to moving. It is urged that this testimony merely presents to the jury a self-serving act of the plaintiff, and, hence, that it is inadmissible as a self-serving declaration or act. Conceding that the fact of the severance of the machine shed is irrelevant, the objection was well taken, but, nevertheless, we are of the opinion that it was not prejudicial, for the fact appears elsewhere in the record, in the testimony of the defendant himself, that at about this time the plaintiff was trying to move the buildings. Upon the direct examination of the defendant, he testified concerning a telephone conversation with the plaintiff as follows:

Q. Mr. Gerding, did you have a telephone conversation with Mr. Nesvold at about that time when he was moving off that place? A. I did.

Q. State what that conversation was; what he said to you and what you said to him. A. I believe he said that he was trying to move the buildings and that Jones had told him they were his and he shouldn't move them. I also told him not to move them.

The effect of the self-serving declaration objected to could extend no further than to give the jury the impression that the plaintiff was asserting his ownership at such time contrary to an understanding which the defendant claims existed between the parties for their sale, and since the defendant himself has testified to a similar self-serving act or declaration of the plaintiff, this act, if it be conceded to be inadmissible, can not be regarded as prejudicial.

Order affirmed.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, and NUESSLE, JJ., concur.