LANGDON, Respondent v. REUPPEL et ux., Appellants

(134 N.W.2d 293)

(File No. 10142.   Opinion filed April 9, 1965)

**Gunderson, Farrar, Carrell & Aldrich,** Rapid City, for defendants and appellants.

**Smiley & Anderson,** Belle Fourche, for plaintiff and respondent.

HANSON, J. This action by a mother against her daughter and son-in-law arises out of an informal family arrangement relative to a home for the mother. The issues were never clearly defined and the complaint was amended during the course of the trial which alleged a new and different theory of action. At the conclusion of the trial plaintiff moved for a directed verdict in her favor for the sum of $4,450. The motion was at first denied but later reconsidered and granted by the court on its own motion for the sum of $4,000 together with interest thereon at six percent from the 24th day of October, 1962. Defendant appeals.

A motion for directed verdict is not addressed to the discretion of the court. Instead, it raises a question of law as to the "legal sufficiency of the evidence to sustain a verdict against the moving party." Hansen v. Isaak, 70 S. D. 529, 19 N.W.2d 521. In determining this question the trial court "is not

free to weigh the evidence or gauge the credibility of the witnesses. These are matters for the jury. He must accept that evidence which is most favorable to the party against whom the motion is sought, and indulge all legitimate inferences in his favor that can fairly be drawn therefrom. Hansen v. Isaak, 70 S.D. 529, 19 N.W.2d 521; Johnson v. Chicago & N. W. Ry. Co., 71 S.D. 132, 22 N.W.2d 725 and Pearsall v. Colgan, 76 S.D. 241, 76 N.W.2d 620. If, when so viewed, there is any substantial evidence to sustain the cause of action or defense it must be submitted to the jury." Myers v. Quenzer et al., 79 S.D. 248, 110 N.W.2d 840. The test of the right to direct a verdict is whether the court would be bound, from a consideration of all the evidence, to set aside a contrary verdict. Johnson v. Chicago & Northwestern Ry. Co., 71 S.D. 132, 22 N.W.2d 725.

■ ■ It is also permissible in exceptional cases to direct a verdict in favor of the party having the burden of proof when the evidence on behalf of the moving party is clear and full, credible and not contradicted, and is so plain and complete that reasonable minds could come to no other conclusion. Jerke v. Delmont State Bank, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 7. This is not such a case, however, as the evidence on many material matters is conflicting and contradictory. Under the circumstances, defendants are entitled to have the credibility determined, the evidence weighed, and the conflicts resolved by a jury. Sprick Bros. Inv. Co. v. Whipple, 33 S.D. 287, 145 N.W. 559.

Reversed.

All the Judges concur.