Steven J. ZIEBARTH and Kathryn A. Ziebarth, Plaintiffs and Appellees,

v.

Randy J. SCHNIEDERS, d/b/a Schnieders Construction Company, Defendant, Third-Party Plaintiff and Appellant,

v.

Darlene SCHNIEDERS, Third-Party Defendant and Appellee,

and

Hansen Bernard Excavating, a/k/a Bernard Hansen Excavating and Dick Gannon Construction, Inc., Third-Party Defendants.

Nos. 13968, 13972.

Supreme Court of South Dakota.

Considered on Briefs Sept. 16, 1983.

Decided Jan. 11, 1984.

Jerome B. Lammers of Lammers, Lammers, Kleibacker & Casey, Madison, for plaintiffs and appellees Ziebarths.

Charles D. Gullickson of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant, third-party plaintiff and appellant Randy J. Schnieders d/b/a/ Schnieders Const. Co.

Richard A. Johnson of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for third-party defendant and appellee Darlene Schnieders.

HOYT, Circuit Judge.

This is an appeal from a judgment entered against Randy Schnieders for alleged breach of express warranty of habitability. We reverse and remand.

Steven and Kathryn Ziebarth (Ziebarths) purchased a home for $36,500 from the Pierret heirs in October of 1977. The house had been built for speculation purposes on land that the heirs had inherited. Darlene Schnieders (Darlene), acting on behalf of the other heirs, contacted various contractors to construct the dwelling. Among those contacted were Randy Schnieders (Randy), Dick Gannon Construction, Inc. (Gannon), and Bernard Hansen Excavating (Hansen). Randy, a nephew by marriage and owner of Schnieders Construction Co., agreed to perform the finishing work. He had substantially completed this work by February 1977 and was paid for such services the following month. Randy also performed other services for Darlene and the Pierret heirs, the purpose of which was left unclear by the testimony. He provided the plans and blueprints for the construction and staked out the property as requested by Darlene. He also spread straw over some of the landscape and dirt work performed by Hansen to protect it during the winter months. He obtained a subcontractor to complete the steps for the property. And he returned to the property after the construction had been completed to view some damages and

defects in the house which were complained of by the Ziebarths. Randy also signed a document provided by Western State Bank, the Ziebarths financer, warranting the habitability of the house. The warranty signed by Randy covered not only the finishing work performed by him but also the work of all other contractors involved in the construction. The reason for Randy's signing the warranty is in dispute.

The Ziebarths moved into the house in August of 1977, approximately two months before closing. By autumn of that year, they began noticing cracks and defects in the house and garage. The severity of such defects did not manifest itself until later in the winter of 1977 and spring of 1978. Eventually, the house deteriorated to a point where it became uninhabitable. Testimony at trial established the cause of the cracking and eventual deterioration to be the direct result of improper soil compaction performed by Hansen. Plaintiffs proceeded not only against Hansen, however, but also against Randy for breach of express warranty and against Darlene and Gannon, the cement contractor, on the theory of negligence in construction and breach of implied warranty. After the presentation of plaintiffs' case, the court directed a verdict in favor of Darlene and Gannon and subsequently directed a verdict for liability and general damages against Randy and Hansen.[*]

Randy appeals on several grounds, including contentions that the trial court improperly dismissed Darlene from the lawsuit at the close of plaintiffs' case and erroneously directed a verdict in favor of plaintiffs and against Randy at the close of Randy's defense. In that we decide the instant case based on the foregoing allegations, we find it unnecessary to address the other issues raised by Randy.

■■■ The trial court's ruling on a motion for directed verdict is presumed correct and this court will not seek reasons to

---

* Ziebarths filed a notice of review, contending that the trial court erred in directing a verdict in favor of Darlene and Gannon. On May 16, 1983, this court granted Gannon's motion for affirmance of the judgment in its favor pursuant to SDCL 15–26A–87.1(A)(2).

reverse. *Nelson v. Schroeder Aerosports, Inc.*, 280 N.W.2d 107 (S.D.1979). In reviewing such ruling, the evidence must be viewed in the light most favorable to the party against whom the motion was directed, and, without weighing the evidence, this court must decide whether the verdict is properly supported. *Corey v. Kocer*, 86 S.D. 221, 193 N.W.2d 589 (1972). A verdict is appropriately directed when there is no question for the trier of fact. *Thorstenson v. Mobridge Iron Works Co.*, 87 S.D. 358, 208 N.W.2d 715 (1973). However, it is seldom that a party having the burden of proving a proposition establishes such proposition as a matter of law. *Team Cent., Inc. v. Teamco, Inc.*, 271 N.W.2d 914, 919 (Iowa 1978); *Ritchey v. Iowa Employment Security Commission*, 216 N.W.2d 580, 585 (Iowa 1974); *Hepp v. Zinnel*, 199 N.W.2d 68, 69 (Iowa 1972); *Nassif v. Pipkin*, 178 N.W.2d 334, 336 (Iowa 1970).

■ The trial court ruled at the conclusion of plaintiffs' case in chief that there was no evidence that Darlene was in any way responsible for plaintiffs' loss and granted Darlene's motion for directed verdict. The focus of plaintiffs' case had been on Randy's alleged liability and not on Darlene's. Consequently, Darlene was not called as a witness, and her relationship to Randy and the role she played in the construction of the house was left open to question. By granting Darlene's motion at such an early stage in the proceedings, the trial court denied Randy the opportunity to offer evidence concerning his allegation that Darlene was the party responsible for plaintiffs' loss. As stated above, a directed verdict is appropriate only when there is no question for the trier of fact to resolve. The problem in the instant case is that by granting Darlene's motion at such an early stage in the trial, an essential aspect of the case was left undisclosed. Consequently, the trial court was not in a position to know whether there would have been any questions for the fact-finder's determination.

■ The trial court additionally granted plaintiffs' motion for directed verdict against Randy on the ground of breach of express warranty. Randy alleged as an affirmative defense that the warranty was void for lack of consideration. The court held as a matter of law that such consideration existed, thereby precluding any questions of fact on this issue. After reviewing the evidence in the light most favorable to Randy, we cannot say as a matter of law that there was consideration to support the warranty signed by Randy. Therefore, a factual question remains as to this issue.

Accordingly, we reverse the directed verdict granted in favor of Darlene and the judgment against Randy and remand the case to the circuit court for further proceedings not inconsistent with this opinion.

Our disposition of the principal appeal renders moot plaintiffs' notice of review.

WOLLMAN, DUNN and HENDERSON, JJ., and DOBBERPUHL, Circuit Judge, concur.

HOYT, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

DOBBERPUHL, Circuit Judge, sitting for MORGAN, J., disqualified.