**Erhart E. DENKE, Plaintiff–Appellant,**

**v.**

**Leonard MAMOLA, Defendant–Appellee.**

**Nos. 16108, 16127.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 28, 1988.

Decided March 8, 1989.

---

**2.** I strongly recommend a reading of these articles by anyone desiring a fine analysis of the topics presented.

Verne Thorstenson of Thorstenson Law Firm, Rapid City, for plaintiff and appellant.

Frank A. Bettmann of Bettmann & Feehan, P.C., Rapid City, for defendant and appellee.

WUEST, Chief Justice.

Erhart E. Denke (Denke) appeals a directed verdict granted in favor of Leonard Mamola (Mamola). We affirm in part and reverse in part.

Denke owned a farm in eastern Pennington County, South Dakota. This farm was encumbered by a mortgage held by First Federal Savings and Loan of Rapid City, South Dakota (First Federal). The mortgage was recorded by the Pennington County Register of Deeds. In 1975, Denke sold his farm on contract for deed to Benjamin Johnson (Johnson). The contract for deed was also duly recorded. Johnson assigned his purchase interest in the farm to Howard Franz (Franz) in 1978.

In 1983, Franz sold Mamola a 42' × 84' steel cattle shed located on the farm.[1] The purchase price was approximately $1500.00. Mamola partially dismantled the building and moved it to Rapid City where it was rebuilt for use in his new and used appliance business. Denke was not notified of the building's sale nor was his permission sought for its removal.

Denke defaulted on his mortgage payments to First Federal in 1984. Foreclosure proceedings were later brought against him by First Federal. After the conclusion of the foreclosure but before the expiration of the redemption period, Denke commenced a mortgage foreclosure action of his own against Johnson and Franz. Shortly thereafter, he initiated this action

---

1. Franz was still in legal possession of the farm at this time. Although he filed a petition for bankruptcy in June, 1982, it is apparent that Franz was current on the contract payments when he sold the building to Mamola.

against Mamola, seeking to recover not only damages for the removal of the cattle shed from the property, but also exemplary damages.

At this point, we note that Denke's initial and amended complaints can be described, at best, as "shot gun" pleadings. Among this verbiage, we hold that two causes of action have been alleged, namely, conversion and injury to realty.

A trial to the court was held on April 15, 1987. At the close of Denke's case, Mamola moved for a directed verdict which was granted by the trial court. In granting this motion, the trial court reasoned that Mamola had no reason to believe that removal of the building was inappropriate since nothing indicated or suggested to him that anyone other than Franz owned or had an interest in it at the time it was removed. Consequently, Mamola's conduct toward Denke was not tortious. The trial court subsequently denied Mamola's motion for attorney's fees and costs.

On appeal to this court, Denke raises the following issues: (1) whether the trial court's granting Mamola's motion for directed verdict was proper; (2) whether the trial court properly denied the admission of evidence regarding the value of the building as it related to Mamola and his business; (3) whether Denke was entitled to seek exemplary damages; and (4) whether Denke was entitled to recover attorney's fees and costs. Mamola raises by notice of review the trial court's order denying his motion for attorney's fees and costs.

■ We first consider the granting of a directed verdict in favor of Mamola. A motion for a directed verdict under SDCL 15–6–50(a) questions the legal sufficiency of the evidence to sustain a verdict against the moving party. *Carlson v. First Nat. Bank,* 429 N.W.2d 463, 466 (S.D.1988); *Sabag v. Continental South Dakota,* 374 N.W.2d 349, 355 (S.D.1985). Upon such a motion, the trial court must determine whether there is substantial evidence to continue the action. *Carlson,* 429 N.W.2d at 466; *Sabag,* 374 N.W.2d at 355. At this

point in the trial, the court, in making this determination, is not free to weigh the evidence or gauge the credibility of the witnesses. *Baldwin v. First Nat. Bank of Black Hills,* 362 N.W.2d 85, 88 (S.D.1985). The trial court, as well as this court on appeal, must view the evidence in a light that is most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that fairly can be drawn from the evidence. *Carlson,* 429 N.W.2d at 466; *Kreager v. Blomstrom Oil Co.,* 379 N.W.2d 307, 310 (S.D.1985); *Koupal & Anton, Inc. v. Wieczorek,* 375 N.W.2d 639, 640 (S.D.1985); *Sabag,* 374 N.W.2d at 355. If, when so viewed, there is any substantial evidence to sustain the cause of action or defense, it must be submitted to the finder of fact. *Baldwin,* 362 N.W.2d at 88. *See also Carlson,* 429 N.W.2d at 466; *Sabag,* 374 N.W.2d at 355.

■ In order to determine whether a directed verdict was properly granted, we examine the general rules of conversion. "A conversion occurs whenever there is a serious interference to a party's rights in his property. The act constituting 'conversion' must be an intentional act, but it does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Rensch v. Riddle's Diamonds of Rapid City,* 393 N.W.2d 269, 271 (S.D. 1986) (*quoting Bader v. Cerri,* 96 Nev. 352, 609 P.2d 314, 317 (1980)). One who interferes or acts in a manner that is inconsistent with another's property rights may be liable for the fair and reasonable market value at the time of the conversion.[2] SDCL 21–3–3; *Rensch,* 393 N.W.2d at 273.

■ The general rule is that an action for conversion lies only with respect to personal property and real estate is not subject to conversion. 18 Am.Jur.2d *Conversion* § 19 at 156 (1985). A building attached to real property, however, may be the subject of an action for conversion when it is severed and removed from the real estate. *See Nesvold v. Gerding,* 49 N.D. 207, 190 N.W. 815, 816 (1922); *Wylie v. Grundysen,* 53 N.W. 805, 806 (Minn. 1892); 18 Am.Jur.2d *Conversion* § 22 at

**2.** The plaintiff may also receive interest from the date of the conversion. SDCL 21–3–3.

158 (1985). Under such circumstances, the building becomes personalty and is no longer considered as part of the realty. *Id.*

■ Applying these general principles to the facts of the present case, we believe that a directed verdict in favor of Mamola was inappropriate. The evidence shows that although Denke sold his farm and was no longer in possession of it, he continued to maintain rights in the property by virtue of the contract for deed.[3] Mamola claims that he purchased the building in good faith, being unaware that anyone other than Franz had an interest in it. This court previously has stated that the knowledge or ignorance of the actor as to another's property rights has no influence in deciding the question of conversion. *Rensch,* 393 N.W.2d at 271. Because Denke established, at trial, his property interest in the building as well as Mamola's interference with that interest, the trial court wrongfully granted a directed verdict on this cause of action.

■ Our reversing the trial court's decision on the issue of conversion requires it to determine Denke's damages on remand. We note that the trial court initially found the value of the building to be $7500.00 or less. As previously stated, the measure of damages for conversion is the reasonable value of the property at the time and place of the conversion. SDCL 21–3–3; *Rensch,* 393 N.W.2d at 273. Therefore, the trial court must determine the reasonable value of the building on the farm at the time it was removed. At trial, Denke sought to introduce evidence concerning the value of the building on Mamola's business property in Rapid City after substantial improvements had been made to the building. We fail to see how evidence regarding the value of the building as modified and used by Mamola would be useful in determining the building's value on the farm on the date of the conversion. Such evidence clearly was

not relevant[4] and the trial court correctly denied its admission.

■ With regard to Denke's allegations of injury to realty, we believe that a directed verdict in favor of Mamola was appropriate. An essential element of this cause of action is, of course, damage or injury. Typically, the injury must be characterized as being either permanent or temporary because the measure of damages differs according to the nature of the injury. *See Ward v. LaCreek Electric Association,* 83 S.D. 584, 591, 163 N.W.2d 344, 348 (1968). Damage to real estate is considered to be permanent when it is " 'of such a character and existing under such circumstances that it will be presumed to continue indefinitely,' when it is irremediable, [or] when it 'inconveniences the owner in its right and accustomed use, and requires time and expense to restore the land to its former condition'...." *Gross v. Conn. Mut. Life Ins. Co.,* 361 N.W.2d 259, 272 (S.D.1985) (citations omitted). The sound measure of damages for an injury of this nature is the difference in the value of the real estate before and after its injury. *Id.* Where the injury is remediable by restoration or repair, it is considered to be temporary. *See Ward,* 83 S.D. at 592, 163 N.W.2d at 348. The proper measure of this type of damage is the reasonable cost of restoration or repair unless such cost is greater than the diminution in value of the property. *Id.* at 593, 163 N.W.2d at 349.

■ In the present case, we believe that the injury to Denke's farm is permanent. The removal of the building cannot be remedied by restoration or repair. Denke, however, did not sustain this cause of action at trial. Although he testified as to what he believed would be the cost of excavating the building's foundation and removing debris, he failed to present any evidence regarding the realty's diminution in value as a result of the building's being

---

3. Under a contract for deed, the vendor holds legal title to the property until the agreed upon purchase price has been paid by the vendee. 77 Am.Jur.2d *Vendor and Purchaser* § 317 at 478–79 (1975).

4. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1.

removed. In the absence of any such evidence, a directed verdict was properly granted.

We reverse the judgment of the trial court granting a directed verdict in favor of Mamola on the conversion cause of action. As to the admissibility of evidence regarding the value of the building as it related to Mamola's business and the cause of action alleging injury to real property, we affirm the trial court's decision. In light of our partially reversing this case and remanding it for further proceedings, we deem the other issues presented by Denke and the issue that Mamola raises by notice of review to be moot and need not address them.

All the Justices concur.