2004 SD 113

**Suzanne CHRISTENSON, Plaintiff and Appellant,**

v.

**Rodney BERGESON, Defendant and Appellee.**

**No. 23107.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 23, 2004.

Decided Oct. 13, 2004.

Michael D. Bornitz of Cutler & Donahoe, L.L.P., Sioux Falls, for plaintiff and appellant.

Michael J. Schaffer, Sioux Falls, for defendant and appellee.

GILBERTSON, Chief Justice.

[¶ 1.] Suzanne Christenson brought suit against Rodney Bergeson alleging Bergeson negligently operated his motor vehicle, which resulted in a rear-end collision that injured Christenson. Christenson's motion for directed verdict on the issue of Bergeson's negligence and Christenson's lack of contributory negligence were denied by the trial court. The jury subsequently returned a special verdict for Bergeson, finding he was not negligent. Christenson filed a motion for judgment notwithstanding the verdict (j.n.o.v.) or new trial, which was denied after oral argument. Christenson appealed contending the trial court abused its discretion in denying the motions. Affirmed in part and reversed in part.

## FACTS AND PROCEDURE

[¶ 2.] On September 26, 2001, Suzanne Christenson was eastbound in her Ford pickup on Forty-ninth Street in Sioux Falls, South Dakota. As Christenson approached Louise Avenue, she decelerated in order to take a right hand turn. Christenson did not use her turn signal. Rodney Bergeson, who was traveling behind Christenson in his 2000 Ford Explorer, noted Christenson was in the process of making a right hand turn and accordingly he began to decelerate. Christenson abruptly stopped halfway through her turn. While Bergeson had sufficient time to take evasive maneuvers, he elected to steer around Christenson's pickup rather than stop behind it in the right hand lane. Bergeson misjudged the distance and as a result his passenger side mirror struck the tail end of Christenson's pickup leaving a small dent.

[¶ 3.] Following the accident, both parties pulled their vehicles into a parking lot to assess the damage. No accident report was filed, and both parties elected to continue on their respective ways. Bergeson received no further information about the incident until he was served approximately thirteen months later with Christenson's suit alleging neck injuries as a result of the accident that required a costly neck fusion surgery.

[¶ 4.] On November 5 and 6, 2003, a trial was held before a Minnehaha County jury. Christenson testified at trial that her abrupt stop was caused by a bicyclist who came from nowhere which required her to stop mid-turn. Bergeson testified he did not see the bicyclist. Bergeson testified that he had ample time to elect between making a complete stop and steering around Christenson's pickup, but elected the later as he felt he could do so safely. However, he misjudged the distance and as a result he struck the tail end of Christenson's truck.

[¶ 5.] Following the close of evidence, Christenson moved for a directed verdict on the issue of Bergeson's negligence and Christenson's lack of contributory negligence. The trial court denied the motion. The jury then returned a special verdict

for Bergeson, finding he was not negligent. The jury never reached the issue of Christenson's contributory negligence.

[¶ 6.] On November 13, 2003, the trial court entered judgment on the verdict. Christenson moved for judgment notwithstanding the verdict (j.n.o.v.) or for a new trial. On January 13, 2004, after oral arguments on the motion, the trial court denied Christenson's motions.

[¶ 7.] Christenson appealed both the denial of the motion for directed verdict, and the motion for j.n.o.v. or for a new trial. Christenson contended that reasonable minds could not have concluded, based solely on Bergeson's cross-examination testimony, that Bergeson was not negligent in colliding with Christenson and the motion for directed verdict should have been granted. Christenson also contends the trial court erred when it did not grant her motion to exclude a contributory negligence jury instruction. Finally, Christenson requested this Court adopt a presumption of negligence on the part of a following driver in a rear-end collision.

[¶ 8.] Christenson did not order a complete copy of the trial transcript for inclusion in the appellate record. Instead, she ordered only those portions she deemed relevant to the issues she appealed. The partial transcripts included Bergeson's cross-examination and the transcript of the January 13, 2004 j.n.o.v. motion hearing. Bergeson, after receiving notice of the appeal, ordered a partial transcript of his direct examination. Finally, Christenson failed to file a statement of issues as required by SDCL 15–26A–50 when the appellant does not obtain a complete trial transcript.

[¶ 9.] Accordingly, Bergeson raised a separate issue on appeal under this Court's appellate rules of procedure. Bergeson contended this Court may impose sanctions for failure to comply with the rules of appellate procedure, up to and including dismissal of Christenson's appeal.

**STANDARD OF REVIEW**

[¶ 10.] We review the trial court's ruling on a directed verdict by the abuse of discretion standard. *Gilkyson v. Wheelchair Express Inc.*, 1998 SD 45, ¶ 7, 579 N.W.2d 1, 3 (citing *Bland v. Davison County*, 1997 SD 92, ¶ 26, 566 N.W.2d 452, 460 (additional citations omitted)). A trial court's decisions and rulings on motion for directed verdict are presumed correct. *Id.* An abuse of discretion occurs when "no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion." *Bridge v. Karl's Inc.*, 538 N.W.2d 521, 523 (S.D.1995) (citing *Dartt v. Berghorst*, 484 N.W.2d 891, 894 (S.D.1992) (quoting *Jensen v. Weyrens*, 474 N.W.2d 261, 263 (S.D.1991))).

[¶ 11.] "The moving party is entitled to evidentiary consideration only where its evidence is uncontradicted or tends to amplify, clarify or explain the evidence in support of the verdict of the jury for the prevailing party." *Id.* (citation omitted). On appeal, our task is to review the record and ascertain whether there is any substantial evidence to allow reasonable minds to differ. *Id.* (citing *Haggar v. Olfert*, 387 N.W.2d 45, 49 (S.D. 1986)). This Court will not weigh trial evidence and substitute its own judgment for that of the jury. *Id.* (citations omitted).

[¶ 12.] We review the trial court's ruling on j.n.o.v. under the same standard, that of abuse of discretion. *Welch v. Haase*, 2003 SD 141, ¶ 19, 672 N.W.2d 689, 696 (citing *Fechner v. Case*, 2003 SD 37, ¶ 16, 660 N.W.2d 631, 633). We review the testimony and evidence in a

light most favorable to the verdict or to the nonmoving party. *Sabag v. Continental South Dakota*, 374 N.W.2d 349, 355 (S.D.1985) (citing *Ziebarth v. Schnieders*, 342 N.W.2d 234, 236 (S.D.1984)). "[T]hen without weighing the evidence [we] must decide if there is evidence which would have supported or did support a verdict...." *Id.* (citing *Corey v. Kocer*, 86 S.D. 221, 226–27, 193 N.W.2d 589, 593 (1972)).

[¶ 13.] The same standard is employed when reviewing a trial court's denial of a motion for a new trial. *Olson v. Judd*, 534 N.W.2d 850, 852 (S.D.1995) (citing *Treib v. Kern*, 513 N.W.2d 908, 911 (S.D.1994)). We will not reverse the trial courts decision to grant or deny a new trial absent an abuse of discretion. *Maybee v. Jacobs Motor Co.*, 519 N.W.2d 341, 344 (S.D.1994) (citations omitted).

[¶ 14.] "Trial courts enjoy broad discretion in determining how to instruct a jury." *Johnson v. Armfield*, 2003 SD 134, ¶ 7, 672 N.W.2d 478, 481 (citing *State v. Pellegrino*, 1998 SD 39, ¶ 7, 577 N.W.2d 590, 594). Jury instructions are adequate when, considered as a whole, they correctly state the law and inform the jury. *Id.* ¶ 8 (citations omitted). The appellant has the burden to show the instruction given was in error, and that the error was prejudicial. *Knudson v. Hess*, 1996 SD 137, ¶ 6, 556 N.W.2d 73, 75 (citing *Sybesma v. Sybesma*, 534 N.W.2d 355, 359 (S.D.1995) (quoting *Chambers v. Dakotah*

*Charter, Inc.*, 488 N.W.2d 63, 64 (S.D. 1992))).

## ANALYSIS AND DECISION

[¶ 15.] **1. Whether Christenson's failure to obtain the complete trial transcript allows this Court to dismiss her appeal without further consideration.**

[¶ 16.] SDCL 15–26A–4 provides, in pertinent part: "Failure of an appellant to take any step other than timely service and filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal." An appellant is required under SDCL 15–26A–50 to file a statement of issues when not including the entire transcript from the proceedings below.[1] *Western States Land & Cattle Co. v. Lexington Insurance Co.*, 459 N.W.2d 429, 431 (S.D.1990). However, failure to file the statement of issues is not always fatal to an appeal. *Id.* at 432. Lesser sanctions for failure to follow rules of appellate procedure are within the discretion of the Court. *Id.*

[¶ 17.] The intent behind SDCL 15–26A–50 is to provide the appellee with an opportunity to order additional parts of the transcript when the appellant has failed to order a complete transcript. *Id.* We have dismissed an appeal for failure to comply with the provisions of SDCL 15–

---

1. SDCL 15–26A–50 provides:
 Unless the entire transcript is to be included, the appellant shall within the ten days time provided in § 15–26A–48 file with the clerk of the circuit court a statement of the issues he intends to present on the appeal and shall serve on the appellee a copy of the order or certificate and of the statement. If the appellee deems a transcript of other parts of the proceedings to be necessary, he shall, within ten days after the service of the order

 or certificate and the statement of the appellant file with the clerk of the circuit court and serve on the appellant, the court reporter, and the clerk of the Supreme Court a designation of additional parts to be included. Unless within ten days after service of such designation the appellant has ordered such parts and has so notified the appellee, the appellee may within the following ten days either order the parts or move in the circuit court for an order requiring the appellant to do so.

26A–50, but only when the appellee was prejudiced as a result of the appellant's failure to comply procedurally. *See Meade Education Association v. Meade School District 46–1,* 399 N.W.2d 885 (S.D.1987); *State Highway Commission v. Olson,* 81 S.D. 237, 132 N.W.2d 927 (1965). This Court's concern in both *Meade Education Association* and *Olson* was that the failure to file the statement of issues precluded the Court from making a meaningful review of the issues on appeal. *Western States Land & Cattle Co.,* 459 N.W.2d at 432.

 [¶ 18.] The same is not true for the instant case. Bergeson had notice of the issues on appeal from Christenson's Notice of Appeal and Docketing Statements. While not procedurally correct, the compliance with the intent of SDCL 15–26A–50 was sufficient to allow Bergeson to respond by ordering the transcript of his direct examination.

 [¶ 19.] Finally, we are able to adequately and meaningfully review the issues on appeal despite the incomplete transcript. Thus, it cannot be said that Bergeson has been prejudiced under the facts of this case. Lacking prejudice, we see no reason for imposing the drastic remedy of dismissing Christenson's appeal. However, compliance with our rules of appellate procedure remains the primary method of prevailing over jurisdictional and procedural challenges, and as a rule, should be complied with explicitly.

[¶ 20.] **2. Whether the trial court abused its discretion by denying Christenson's motion for directed verdict, and in the alternative, her motion for judgment notwithstanding the verdict or new trial.**

[¶ 21.] Christenson argues that the evidence was insufficient to support the jury verdict for Bergeson, and therefore the trial court erred by not granting her motion for directed verdict. Christenson employs the same argument contending error by the trial court for failing to grant her motion for j.n.o.v. or new trial.

 [¶ 22.] Under SDCL 15–6–50(a), "[a] motion for directed verdict questions the legal sufficiency of the evidence to sustain a verdict against the moving party." [2] *Sabag,* 374 N.W.2d at 355 (citing *Nelson v. Schroeder Aerosports, Inc.,* 280 N.W.2d 107, 108 (S.D.1979)). Such a motion requires the trial court to determine whether sufficient evidence has been presented in order to sustain the action. *Gilkyson,* 1998 SD 45, ¶ 7, 579 N.W.2d at 3 (citations omitted). The trial court must accept that evidence and all legitimate inferences which are most favorable to the nonmoving party. *Id.* "If sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate." *Id.*

[¶ 23.] Christenson's main argument is that the trial court erred in failing to direct a verdict on the issue of Bergeson's negligence. Christenson contends that because of Bergeson's admission that he misjudged the distance between the two cars,

2. SDCL 15–6–50(a) provides:
 A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion has not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

the issue of negligence should not have gone to the jury. Rather, the issue should have been decided on a motion for directed verdict.

[¶ 24.] "Resolving negligence questions is an elemental jury function." *Wildeboer v. South Dakota Junior Chamber of Commerce, Inc.,* 1997 SD 33, ¶ 10, 561 N.W.2d 666, 669 (citing *Robbins v. Buntrock,* 1996 SD 84, ¶ 8, 550 N.W.2d 422, 425). Only in exceptional cases may the verdict be directed in favor of the party having the burden of proof. *Langdon v. Reuppel,* 81 S.D. 289, 291, 134 N.W.2d 293, 294 (1965). "[W]hen the evidence on behalf of the moving party is clear and full, credible and not contradicted, and is so plain and complete that reasonable minds could come to no other conclusion[,]" a motion for directed verdict may be granted. *Id.* (citation omitted). But if, when viewed in a light most favorable to the nonmoving party, there is any substantial evidence to sustain the cause of action or defense, it must be submitted to the finder of fact. SDCL 15–6–50(a). *Denke v. Mamola,* 437 N.W.2d 205, 207 (S.D.1989) (citations omitted).

[¶ 25.] The issue of contention between the parties was whether Bergeson's choice to steer around Christenson's pickup was negligent. Bergeson testified that he had ample room to so do, but misjudged the distance between the two vehicles. As a result, his passenger mirror clipped the tail end of Christenson's pickup.

[¶ 26.] The evidence viewed in a light most favorable to the verdict does not support the jury's verdict for Bergeson.

Bergeson admitted he misjudged the distance and as a result impacted Christianson's vehicle. Bergeson provided no other reason for his failure to clear Christianson's vehicle, instead freely admitting he miscalculated the distance.

[¶ 27.] The jury's verdict is clearly against the evidence presented in the record. It was not plausible for the jury to have accepted Bergeson's account and found he had not breached his duty of care to Christenson. The trial court's failure to grant Christenson's motion for directed verdict is against the law and the circumstances of the case, and as such is an abuse of discretion. We do not need to address Christenson's alternative argument that the trial court abused its discretion when it failed to grant Christenson's motion for j.n.o.v. or new trial given our holding under Issue One. Reversed.

[¶ 28.] **3. Whether the trial court erred when it submitted a contributory negligence instruction to the jury.**

[¶ 29.] Christenson contends the trial court erred when it submitted the contributory negligence instruction to the jury. Christenson has the burden to show the instruction given was in error, and that the error was prejudicial under SDCL 15–6–61.[3] *See Knudson,* 1996 SD 137, ¶ 6, 556 N.W.2d at 75; *Sybesma,* 534 N.W.2d at 359; *Chambers,* 488 N.W.2d at 64. In order to prevail, error must be shown "which in all probability produced some effect upon the jury's verdict and is harmful to the rights of the party assigning it."

---

**3.** SDCL 15–6–61 provides:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or

otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defeat in the proceeding which does not affect the substantial rights of the parties.

*Kjerstad v. Ravellette Publications Inc.,* 517 N.W.2d 419, 426 (S.D.1994) (citing *State v. Michalek,* 407 N.W.2d 815, 818 (S.D.1987)).

 [¶ 30.] We believe Christenson has failed to show the trial court's denial of her motion to remove the contributory negligence instruction prejudiced her in any manner. First, the contributory negligence instruction submitted to the jury accurately stated the law. Second, it is unlikely that the jury instruction produced prejudicial effect upon the jury's verdict, as the jury did not reach the contributory negligence instruction in its deliberations. Instead, the jury found Bergeson was not negligent, thereby precluding it from addressing the issue of Christenson's contributory negligence. Therefore, because the inclusion of the contributory negligence instruction was neither erroneous nor prejudicial to Christenson, we affirm the judgment of the lower court on the issue of the contributory negligence instruction.

[¶ 31.] **4. Whether this Court should adopt a presumption of negligence on the part of the following driver in a rearend collision.**

 [¶ 32.] Generally, negligence is not presumed. *Stratton v. Sioux Falls Traction System,* 55 S.D. 464, 472, 226 N.W. 644, 648 (1929). The mere happening of an accident or injury is insufficient to raise a presumption of negligence. *Orrison v. City of Rapid City,* 76 S.D. 145, 157, 74 N.W.2d 489, 495 (1956). Rather, negligence may be inferred from circumstances surrounding an injury or from the fact of the injury itself. *Id.*

 [¶ 33.] South Dakota has never recognized the so called "rear-end collision doctrine." Instead, we have required a plaintiff to plead and prove the negligent conduct of a defendant in a rear-end automobile collision. We do not accept the proposed presumption, as our current law provides sufficient avenues for a plaintiff to establish the duty and breach elements of a negligence cause of action.

The judgment of the trial court is affirmed as to Issues 1, 3 & 4 and reversed as to Issue 2.

[¶ 34.] SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.