ETHRIDGE, Chief Justice:
Nicholas Payne, appellee, brought this action in the Circuit Court of Harrison County, seeking damages resulting from a collision when appellant, Helen Bounds, drove into the rear of his automobile. The circuit court gave a peremptory instruction for plaintiff on liability. The jury returned a verdict for damages of $25,000, but plaintiff accepted the trial court’s requirement of a remittitur to $20,000. The case involves two questions: Whether the trial court was correct in granting a peremptory instruction on liability, and if so, whether the damages are grossly excessive. We affirm the judgment.
The circuit court properly held for plaintiff on liability, without submission of that issue to the jury. Accepting as true defendant’s testimony and reasonable inferences from it, she nevertheless admitted in substance that she was not keeping a lookout ahead and did not have her vehicle under reasonable control. Mrs. Bounds admitted that the first time she saw plaintiff’s car was when it was stopped. She did not see him in the process of stopping, and, although she contended she saw no signals by plaintiff indicating he intended to stop, she admitted that she did not know whether he gave a signal in the process of stopping, and did not know how long he had been stopped. There was no obstacle to prevent her from seeing plaintiff’s car come to a stop, if she had been looking ahead.
Moreover, we cannot say that the damages were grossly excessive. The evidence supported the award. In brief, ap-pellee suffered a severe sprain of the neck because of the impact. The case was tried a year after the accident, and although that injury had gradually improved, Payne was still suffering with it. The most severe injury was a herniated lumbar disc with the cartilage protruding into the nerve roots, causing considerable pain. This is a permanent injury, and will probably require surgery. The evidence reflected lost wages of $3,672.72, property damage of $452.83, doctor’s bills at time of trial of $171, pain and suffering, and the permanent injury to appellee’s spine.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.