ETHRIDGE, Chief Justice:
William H. Taylor, appellant, brought this action in the Circuit Court of Harrison County against Joe Henry Culpepper, III, appellee, seeking damages for personal injuries resulting from an automobile collision. The circuit court gave a peremptory instruction for Taylor on liability, and the jury returned a verdict of $1,500. Taylor appealed, asserting that the amount of damages was wholly inadequate, and that the trial court erred in granting defendant a contributory or comparative negligence .instruction.
The automobiles of both parties were proceeding east on Pass Road in Gulfport, approaching an intersection with another street. Taylor brought his 1966 Volkswagen to a stop behind several other cars in obedience to a red light controlling the traffic. Culpepper, following in a 1965 Pontiac, collided with the rear of the Volkswagen, and knocked it into the rear of an automobile that was stopped in front of it. Culpep-per knew that the traffic light was red, and knew that Taylor and he would have to stop for it. He began applying his brakes, and “looked off momentarily and looked back and hit” the Volkswagen. He admitted that he “was too close.” Defendant did not know whether or not the Volkswagen was stopped at the time of the collision, but conceded that it could have been stopped. He admitted that the collision was “partly” his fault, and that if he had not glanced away, he could have stopped his car without striking the Volkswagen. Culpepper said that he did not notice Taylor giving either a hand or brake light signal. He would not say that these signals were not given; he simply did not see them.
Taylor said that he came to a normal, gradual stop, giving both hand and brake *178 light signals, and that his vehicle had been stopped for five to ten seconds when the collision occurred.
In short, except for a bare scintilla, the testimony is undisputed that prior to the collision, Taylor had given the proper stopping signals and had brought his car to a gradual and complete stop.
In submitting the question of damages to the jury, the court granted defendant the following instruction:
The Court instructs the jury for the Defendant that the driver of a motor vehicle is required to give a signal to the following vehicle when he plans to stop his vehicle, and if you find from the evidence that the plaintiff failed to give a signal of his stopping, that is negligence on his part and if you so find that the plaintiff was negligent as aforesaid, then you should diminish any damages in proportion to the amount of his negligence and fault attributable to him.
On its face the above instruction is fatally defective since it does not require that the jury find that the plaintiff’s negligence was a contributing proximate cause of the accident. Furthermore, on this record defendant was not entitled to a contributory negligence instruction. The evidence was not sufficient to make a jury issue on whether plaintiff failed to give a signal that he was stopping.
Moreover, assuming arguendo that defendant’s testimony was sufficient to make an issue of whether Taylor gave a stopping signal, nevertheless, defendant knew that the traffic light had turned red, that other cars ahead had stopped, and that he was going to have to stop. Hence it was immaterial whether Taylor gave a signal.
Snowden v. Skipper, 230 Miss. 684, 93 So.2d 834 (1957), was an action for injuries sustained by a passenger in a taxicab when struck from the rear by a following automobile. The court made the following comments with reference to the issue here:
The appellants also assign as error that the trial court erred in submitting to the jury the issue of the alleged negligence of Snowden in stopping his taxicab on the highway without giving any warning by the use of hand signals, arm signals, blinker lights or other type signal. We think this contention is well founded under the facts of this case, and that the court’s submission of this issue to the jury constitutes reversible error. Boardman testified, and he is not contradicted, that when he first saw the cab it had already stopped and the headlights and taillights on it were burning. It was, therefore, immaterial under the facts of this case whether Snowden before stopping gave any signals or not, and Sections 8192 and 8193 of the Mississippi Code of 1942 with reference to giving signals do not apply. If Snowden had given any signals before stopping, they would not have been effective to warn Boardman because the cab was already stopped when Boardman first saw it. (230 Miss. at 692, 93 So.2d at 837.)
Bounds v. Payne, 190 So.2d 871 (Miss. 1966), was a rear-end collision case with facts substantially similar to the present one. The defendant said that she saw no signals by plaintiff indicating that he intended to stop, but she admitted that she did not know whether he had given a signal, or how long he had been stopped. This Court observed that “there was no obstacle to prevent her from seeing plaintiff’s car come to a stop, if she had been looking ahead.” Id. at 872.
In general, signals of an intention to stop or slow down need not be given in compliance with a statute where a motorist stops in obedience to traffic signs and signals, and the traffic sign or signal is manifest to the following driver, as it was to Culpepper here. 7 Am.Jur.2d, Automobiles and Highway Traffic § 227 (1963); Annot., 29 A.L.R.2d 5, 55-60 (1953); Kent v. Freeman, 48 Tenn.App. 218, 345 S.W.2d 252 (Ct.App.1960) (citing Snowden v. Skipper, supra).
*179 In summary, on this record the trial court erred in granting to the defendant a contributory or comparative negligence instruction. The evidence reflected that the sole proximate cause of the collision was the negligence of defendant. Moreover, if it is assumed that there is some evidence which might make a jury issue as to whether Taylor gave a signal, it was immaterial under the facts of this case whether he did nor not, because the undisputed evidence reflects that Taylor was stopped at a traffic light turned red, and that Culpepper had seen the light and knew he would have to stop. Accordingly, the case is reversed and remanded for a new trial on the issue of damages only.
Reversed and remanded for new trial on the issue of damages only.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.