2003 SD 134

**Stacia Marie JOHNSON, Plaintiff and Appellant,**

v.

**Ervin Floyd ARMFIELD, Defendant and Appellee.**

**No. 22597.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2003.

Decided Nov. 25, 2003.

---

Scott A. Abdallah and Ronald A. Parsons, Jr., Johnson, Heidepriem, Miner, Marlow & Janklow, L.L.P., Sioux Falls, Attorneys for plaintiff and appellant.

Michael L. Luce of Davenport, Evans, Hurwitz and Smith, Sioux Falls, Attorney for defendant and appellee.

GILBERTSON, Chief Justice.

[¶ 1.] Stacia Marie Johnson (Johnson) brought a claim for personal injuries arising out of an automobile accident against Ervin Floyd Armfield (Armfield). Armfield admitted his own negligence but claimed that Johnson's negligence had contributed to the accident. After a three-day trial, a jury denied all of Johnson's personal injury claims, and Johnson now appeals. Because we believe there was insufficient evidence to justify submitting the issue of contributory negligence to the jury, we reverse and remand for a new trial.

**FACTS AND PROCEDURE**

[¶ 2.] On the morning of November 16, 1999, Johnson was driving her 1995 Chevrolet Cavalier north along Southeastern Drive in Sioux Falls, South Dakota. The weather was clear and there was little traffic. Johnson, a graduate of Augustana College currently working as a dental assistant, had the day off and was returning home from her parents' house. Her route took her past the Avera McKennan Wellness Center, located on the east side of Southeastern Drive.

[¶ 3.] As Johnson passed the Wellness Clinic, a Jeep driven by Armfield, a retired military paratrooper and commercial printer, exited the Wellness Clinic driveway, crossed two lanes of traffic, and struck the passenger side of Johnson's vehicle. Armfield testified that he had checked both left and right before pulling out onto Southeastern Drive. Seeing no oncoming cars, Armfield falsely believed he could safely pull out onto the street. The resulting collision knocked Johnson's vehicle into a ditch on the west side of the street. Johnson's vehicle was totaled and the front end of Armfield's Jeep was crushed. After the accident, Johnson sought medical treatment for several injuries including whiplash and a serious ankle injury.

[¶ 4.] Johnson subsequently brought a claim for personal injuries arising out of the accident. Recognizing that he had a duty to yield to oncoming traffic, Armfield admitted his own negligence. Armfield, however, argued that Johnson had been speeding at the time of the accident and asserted the affirmative defense of contributory negligence. Armfield also contested the extent and nature of the injuries claimed by Johnson.

[¶ 5.] The trial lasted for three days. During the settlement of jury instructions, Johnson argued that the issue of contributory negligence should not go to the jury because no evidence had been offered to suggest she had been speeding at the time of the accident. The trial court overruled this objection and proceeded to submit the contributory negligence instruction to the jury.

[¶ 6.] The jury returned a verdict in favor of Armfield and denied any recovery for Johnson. The trial court also denied Johnson's motion for judgment notwithstanding the verdict and motion for a new trial. Johnson appeals and raises two issues for our review:

1. Whether the trial court abused its discretion when it submitted the issue of contributory negligence to the jury.

2. Whether the trial court erred when it instructed the jury that a violation of the speed limit by Johnson constituted contributory negligence without reference to the element of proximate cause.

## STANDARD OF REVIEW

[¶ 7.] Trial courts enjoy broad discretion in determining how to instruct a jury. *State v. Pellegrino,* 1998 SD 39, ¶ 9, 577 N.W.2d 590, 594 (citations omitted). Therefore, "[i]f an issue before the court is 'supported by competent evidence in the record, the trial court should instruct the jury.'" *Artz v. Meyers,* 1999 SD 156, ¶ 8, 603 N.W.2d 532, 534 (quoting *Kuper v. Lincoln–Union Elec. Co.,* 1996 SD 145, ¶ 32, 557 N.W.2d 748, 758). A claim that the evidence was insufficient to establish contributory negligence is viewed "in the light most favorable to upholding the verdict." *Parker v. Casa Del Rey,* 2002 SD 29, ¶ 5, 641 N.W.2d 112, 115 (quoting *Engberg v. Ford Motor Co.,* 87 S.D. 196, 201, 205 N.W.2d 104, 106 (1973)).

[¶ 8.] As reiterated in *Thomas v. Sully County,* 2001 SD 73, ¶ 4, 629 N.W.2d 590, 591, we read all jury instructions together to ascertain if they provided a correct statement of the law. (citing *Veeder v. Kennedy,* 1999 SD 23, ¶ 32, 589 N.W.2d 610, 618 (citations omitted)). Any instruction that is misleading, conflicting, or confusing creates reversible error. *Id.* (citing *Veeder,* 1999 SD 23, ¶ 32, 589 N.W.2d at 618). In addition to demonstrating that a particular instruction is misleading, conflicting, or confusing, an appellant also has the burden of showing that a different result would have been reached had the instruction not been given. *Id.* (citing *Veeder,* 1999 SD 23, ¶ 32, 589 N.W.2d at 618); *Sundt Corp. v. South Dakota Dept. of Transp.,* 1997 SD 91, ¶ 19, 566 N.W.2d 476, 480.

## ANALYSIS AND DECISION

[¶ 9.] **1. Whether the trial court abused its discretion when it submitted the issue of contributory negligence to the jury.**

[¶ 10.] Johnson contends that the trial court abused its discretion when it allowed the jury to consider the issue of contributory negligence. In *Boomsma v. Dakota, Minnesota, & Eastern Railroad Corp.,* 2002 SD 106, ¶ 34, 651 N.W.2d 238, 245–46, we explained:

> Contributory negligence is a 'breach of duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause.'

(quoting *Starnes v. Stofferahn,* 83 S.D. 424, 432, 160 N.W.2d 421, 426 (1968)). Where plaintiff's contributory negligence is more than slight compared to defendant's negligence, plaintiff is barred from recovery. SDCL 20–9–2. As long as there is competent evidence to support the theory of contributory negligence, it is proper for the issue to go to the jury. *Casa Del Rey,* 2002 SD 29, ¶ 5, 641 N.W.2d at 115.

[¶ 11.] As an affirmative defense, Armfield had the burden of proof in establishing contributory negligence. *See Bauman v. Auch,* 539 N.W.2d 320, 326 (S.D.1995). In this particular case, we believe Armfield presented insufficient evidence to justify submitting the issue of contributory negligence to the jury. The sole basis for Armfield's contributory negligence defense appears to be his own bare assertion that Johnson was speeding and Johnson's admission that she tended to drive five miles per hour over the speed limit.

[¶ 12.] Without further competent evidence, we believe these factors were insuf-

ficient to support Armfield's theory of contributory negligence. Armfield's bare assertion that Johnson must have been speeding or he wouldn't have pulled out onto the street in the first place lacks evidentiary support. Armfield did not produce any expert testimony tending to show Johnson was speeding at the time of the accident. Furthermore, while Armfield was ticketed at the scene of the accident, the officer at the scene determined Johnson had not been speeding and declined to issue her a citation. In addition, Johnson also consistently testified she was going five miles per hour under the speed limit at the time of the accident.

[¶ 13.] Even assuming *arguendo* that Johnson was speeding, her negligence must have been the proximate cause of her injury in order to bar recovery. *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 213, 157 N.W.2d 19, 22 (1968). Here, Armfield failed to present any competent evidence that Johnson's speed was the proximate cause of her injuries. Armfield also failed to present any evidence that Johnson could have acted in time to avoid the accident. By itself, Armfield's testimony does not sufficiently establish that Johnson's speed was the proximate cause of her injuries. *See Lockwood v. Schreimann*, 933 S.W.2d 856, 859 (Mo.Ct.App.1996) (Stating "[t]he causal connection between excessive speed and the collision must be established by the evidence and cannot be left to mere speculation and conjecture."). Because Armfield failed to present competent evidence tending to suggest Johnson's speed proximately caused her injuries, the only reasonable interpretation of the facts is that Armfield's crossing two lanes of traffic and striking Johnson's vehicle was the proximate cause of Johnson's injuries.

[¶ 14.] As we have consistently recognized, "an appellant must show not only that a particular instruction was erroneous, but also that it was prejudicial,

meaning the jury probably would have returned a different verdict if the faulty instruction had not been given." *Veeder*, 1999 SD 23, ¶ 32, 589 N.W.2d at 618 (citing *LDL Cattle Co., Inc. v. Guetter*, 1996 SD 22, ¶ 32, 544 N.W.2d 523, 530) (additional citations omitted). In this case, although the jury did not return a special verdict finding contributory negligence on the part of Johnson, contributory negligence formed the basis of Armfield's defense. Thus, it is logical to conclude that the jury denied any recovery for Johnson because it believed Johnson's negligence was more than slight in comparison to Armfield's admitted negligence. As explained above, however, we do not believe it was proper to submit the issue of contributory negligence to the jury because Armfield failed to provide sufficient evidence in support of his affirmative defense. We have stated that "[w]here the evidence supporting the verdict is so weak ... and a lack of evidence pointing to other causes unrelated to the defendants' alleged negligence is so total, our clear duty is to consider the error prejudicial." *Stevens v. Wood Sawmill, Inc.*, 426 N.W.2d 13, 17 (S.D.1988) (reversing a jury's verdict where the facts did not support an unavoidable accident instruction).

[¶ 15.] Armfield failed to present sufficient evidence to support instructing the jury on his theory of contributory negligence. In addition, as contributory negligence was the heart of Armfield's defense, the improper contributory negligence instruction clearly prejudiced Johnson. Thus, we believe the trial court abused its discretion when it instructed the jury on the issue of contributory negligence, and Johnson is entitled to a new trial.

[¶ 16.] **2. Whether the trial court erred when it instructed the jury that a violation of the speed limit by Johnson constituted contributory negligence without reference to proximate cause.**

[¶ 17.] Because we hold the issue of contributory negligence should not have been submitted to the jury, it is unnecessary to address issue two.

[¶ 18.] Reversed and remanded for a new trial.

[¶ 19.] SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.