#23706, #23718-aff in pt, rev in pt & rem-JKK

**2006 SD 41**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MARITA STEFFEN,                           Plaintiff and Appellant,

    v.

SCHWAN'S SALES ENTERPRISES,
INC. a/k/a SCHWAN'S HOME
SERVICE, INC.,                           Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE WILLIAM J. SRSTKA, JR.
Judge

\* \* \* \*

ARLO D. SOMMERVOLD of
Sommervold Law Firm                      Attorneys for plaintiff
Sioux Falls, South Dakota                and appellant.

MELANIE L. CARPENTER of
Woods, Fuller, Shultz & Smith            Attorneys for defendant
Sioux Falls, South Dakota                and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 9, 2006

OPINION FILED **04/19/06**

#23706, #23718

KONENKAMP, Justice

[¶1.]        Marita Steffen pulled over to the side of the road and stopped to make way for an approaching emergency vehicle.  After it passed, but before she started moving again, her car was rear-ended by a delivery truck owned by Schwan's Sales Enterprises, Inc., and driven by James Koch.  At trial, defendant Schwan's claimed that Steffen was contributorily negligent because she remained stopped too long after the emergency vehicle had passed.  Over Steffen's objection, the circuit court gave the jury a contributory negligence jury instruction.  Thereafter, the jury, through special interrogatories, found Schwan's to be negligent and Steffen to be contributorily negligent, but not more than slight.  Steffen appeals.  We reverse because, under the circumstances of this rear-end collision, there was insufficient evidence to justify submitting the issue of contributory negligence to the jury.

**Background**

[¶2.]        On April 21, 2001, Steffen was driving on Cliff Avenue in Sioux Falls, South Dakota.  Cliff Avenue runs north and south and has four lanes, but no shoulder.  While Steffen was proceeding south, she was met by an emergency vehicle with its lights on and siren sounding.  Steffen responded by pulling her vehicle over and stopping in the far west driving lane.  Other cars in front of her did the same.  While the emergency vehicle was passing, Steffen testified that she looked in her rearview mirror and saw a Schwan's delivery truck coming towards her.  According to her, the driver was not looking forward, but to the left.  Steffen described how she continued to watch the driver as she was "getting a little freaked out.  I couldn't go anywhere.  There was a car like in front of me and a car in front of

-1-

him that had all pulled over." Shortly thereafter, Koch's delivery truck struck Steffen's car causing property damage and bodily injuries to Steffen.

[¶3.]        Koch testified that he was driving south on Cliff Avenue when the emergency vehicle approached with its lights on and siren sounding. He, like Steffen, described how cars were pulling over in the far west lane. But Koch could not relate exactly whether he slowed down to pull over or actually pulled over and stopped. He said that during the time he was either stopping or trying to stop, he looked to his left for the emergency vehicle. According to Koch, he noticed that the emergency vehicle had passed by him, so he proceeded to move forward. At this point, he saw that Steffen was still stopped in the driving lane. Koch testified that he tried to avoid hitting Steffen, but there was a vehicle to his left and a street post to his right. Because he could not stop in time, he rear-ended Steffen's car.

[¶4.]        At trial Schwan's asserted that Steffen was contributorily negligent because Koch testified that Steffen was still stopped even though the emergency vehicle had passed. Steffen requested a directed verdict on the issue of Koch's negligence and the lack of her contributory negligence. The circuit court denied Steffen's motions. Moreover, the court allowed, over Steffen's objection, jury instructions on contributory and comparative negligence.

[¶5.]        Through special interrogatories, the jury found that Koch was negligent and that his negligence was the legal cause of Steffen's injuries. The jury also found that Steffen was contributorily negligent, not more than slight, and reduced her award accordingly. Ultimately, the jury awarded Steffen $4,250 in medical care, treatment, and services rendered, and $2,500 for pain and suffering,

mental anguish, and loss of capacity of the enjoyment of life experienced up to the date of the verdict. No damages were awarded for a bonus she claimed she lost as a result of the accident. Steffen later moved for a judgment notwithstanding the verdict and for a new trial. The court denied her motions and entered a judgment based on the jury award.

[¶6.] Steffen appeals on the grounds that the circuit court erred when it denied her motion for a directed verdict and instructed the jury on the issue of contributing negligence. By notice of review, Schwan's appeals the denial of its motion in limine on the question of Steffen's claimed lost bonus.

### Standard of Review

[¶7.] We review the circuit court's decision to deny a motion for directed verdict under the abuse of discretion standard. Christenson v. Bergeson, 2004 SD 113, ¶10, 688 NW2d 421, 425 (citing Gilkyson v. Wheelchair Express, Inc., 1998 SD 45, ¶7, 579 NW2d 1, 3 (quoting Bland v. Davison County, 1997 SD 92, ¶26, 566 NW2d 452, 460 (additional citations omitted))).

> When reviewing refused motions for a directed verdict, we examine the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences fairly drawn from the evidence. Denke v. Mamola, 437 NW2d 205, 207 (SD 1989); Kreager v. Blomstrom Oil Co., 379 NW2d 307, 310 (SD 1985); Koupal & Anton, Inc. v. Wieczorek, 375 NW2d 639, 640 (SD 1985). If there is any substantial evidence to sustain the cause of action or defense, it must be submitted to the finder of fact. BankWest, Inc. v. Valentine, 451 NW2d 732, 734 (SD 1990); Denke, 437 NW2d at 207.

Robbins v. Buntrock, 1996 SD 84, ¶16, 550 NW2d 422, 427. See also Christenson, 2004 SD 113, ¶¶10-11, 688 NW2d at 425; Kuper v. Lincoln-Union Elec. Co., 1996 SD 145, ¶36, 557 NW2d 748, 759.

[¶8.]     With respect to jury instructions, our standard of review requires us to construe them as a whole to find "if they provided a full and correct statement of the law." *First Premier Bank v. Kolcraft Enterprises, Inc.*, 2004 SD 92, ¶40, 686 NW2d 430, 448 (citations omitted). A party challenging jury instructions has the burden of establishing that they were both erroneous and prejudicial. *Id.* (citing *State v. Moschell*, 2004 SD 35, ¶54, 677 NW2d 551, 567). "An erroneous instruction is prejudicial if in all probability it produced some effect upon the verdict and is harmful to the substantial rights of the party assigning it." *Id.* (citing *Carpenter v. City of Belle Fourche*, 2000 SD 55, 609 NW2d 751).

### Analysis and Decision

[¶9.]     We first address whether the circuit court abused its discretion when it denied Steffen's motion for a directed verdict on the issue of negligence. Steffen asserts that she was required to stop for the emergency vehicle, and because she was legally stopped, Koch was negligent when he rear-ended her car. On reviewing a motion for a directed verdict, we must determine whether the record contains sufficient evidence to sustain the action, viewed in the light most favorable to the nonmoving party. SDCL 15-6-50(a); *Christenson*, 2004 SD 113, ¶22, 688 NW2d at 427. While other jurisdictions have adopted a presumption of negligence in rear-end accidents, we have so far declined to do so. *Christenson,* 2004 SD 113, ¶33, 688 NW2d at 429. "Instead we have required a plaintiff to plead and prove the negligent conduct of the defendant in a rear-end automobile collision." *Id.* "As we have often recognized, the mere fact an accident happened creates no inference that it was caused by someone's negligence." *Carpenter*, 2000 SD 55, ¶14, 609 NW2d at

759 (citing Del Vecchio v. Lund, 293 NW2d 474, 476-77 (SD 1980)). Thus, we cannot say that the circuit court erred when it denied Steffen's motion for a directed verdict.

[¶10.]     Steffen next asserts that the circuit court erred when it allowed the issue of contributory negligence to go to the jury. Accordingly, we must determine if there was evidentiary support for an instruction on contributory negligence. Johnson v. Armfield, 2003 SD 134, ¶7, 672 NW2d 478, 481 (citations omitted). "As long as there is competent evidence to support the theory of contributory negligence, it is proper for the issue to go to the jury." Id. ¶10 (citation omitted). Further, we require a party challenging a jury instruction to show that "in all probability [it] produced some effect upon the jury's verdict and [was] harmful to the rights of the party assigning it." Christenson, 2004 SD 113, ¶29, 688 NW2d at 428-29 (quoting Kjerstad v. Ravellette Publ'n, Inc., 517 NW2d 419, 426 (SD 1994) (citation omitted)).

[¶11.]     Both parties testified that they were driving south on Cliff Avenue when they encountered an emergency vehicle going in the opposite direction with its siren sounding and lights flashing. Cliff Avenue does not have a shoulder for vehicles to pull on to, so both parties used the far west driving lane. But, then Koch claims he resumed travel after he looked out to his left and saw that the emergency vehicle had proceeded past him. Steffen described how she was stopped and noticed the Schwan's truck in her rearview mirror coming towards her, but she could not go anywhere because there were two vehicles in front of her. At some point, Koch noticed that Steffen was still stopped and tried to avoid hitting her, but rear-ended her vehicle. The only evidence offered on the issue of contributory negligence came

from Koch.  At best, his testimony is equivocal on whether he ever actually stopped

in response to the emergency vehicle and before striking Steffen's car.[1]

---

1. The following is the entirety of Koch's examination bearing on the question of contributory negligence:

Examination by plaintiff's counsel:

Q. Okay.  As you were driving south on North Cliff, it's north of Ninth Street, was there an emergency vehicle coming towards you?
A. It was an ambulance.
Q. Did it have the lights on?
A. Yes.
Q. Was the siren blowing?
A. Yes, I believe so.
Q. Were vehicles in front of you pulling over to the curb and stopping?
A. Yes.
Q. When did the ambulance meet and pass you before the accident happened?
A. The ambulance was coming at me.

* * *

Q. You met the ambulance before the collision occurred?
A. Yes.
Q. And when the ambulance went by, did you look at it?
A. As -- I glanced as it was coming up on me.
Q. Were you slowing down at the time?
A. Yes.
Q. The vehicle in front of you was also slowing down?
A. I believe so, I was looking for the ambulance and trying to pull over out of the traffic.
Q. I see.  Did you look out the window to observe the passing emergency vehicle?
A. I believe so.  I just glanced at it.
Q. Then when you turned your attention back to the road, that is when you realized you were going to be in an accident?
A. No.
Q. Were you in an accident?
A. Yes.
Q. When you took your attention back to the road, how far were you from the vehicle with your truck?
A. I don't remember.  No.

(continued . . .)

[¶12.]     "Contributory negligence is negligence on the part of a plaintiff which, when combined with the negligence of a defendant, contributes as a legal cause in the bringing about of the injury to the plaintiff." S.D. Pattern Jury Instruction 11-01.  From our review of the record, we conclude that there was insufficient evidence of contributory negligence.  First, both Steffen and Koch had a legal duty under SDCL 32-31-6 to pull over and stop when the emergency vehicle approached with its lights flashing and siren sounding.  When Steffen stopped her vehicle in the far west driving lane, she did so lawfully.  Second, Koch admitted he was aware that

---

(. . . continued)

> Q.     Did the police come to investigate the accident?
> A.     Yes, they did.
> Q.     Did the police officer ask you what happened?
> A.     Yes, he did.
> Q.     Did you tell him?
> A.     Yes, I did.
>
> *  *  *
>
> A.     I believe I told the police officer when I saw the oncoming vehicle, the ambulance coming by, I slowed down, pulling off of traffic, I was almost stopped, proceeded to go south on Cliff and then I noticed that Ms. Steffen was still in the road, not moving and I tried to stop my vehicle and I couldn't stop in time.
>
> Examination by defense counsel:
>
> A.     When I was driving down the hill I saw an emergency vehicle go by me.  I immediately pulled over and stopped or tried to stop and then when traffic started to move, I pulled back on the road and proceeded to move again.
> Q.     And what happened next?
> A.     I noticed that Miss Steffen was stopped in the roadway, and I tried to stop as best I could and there was a vehicle in the left lane and there was the post on the shoulder, like a street post, so I couldn't swerve over there.  So I stopped the best I could and I couldn't quite stop and ran into Miss Steffen.
> Q.     When you noticed she was still sitting in the roadway, had the emergency vehicle already passed by?

(continued . . .)

the vehicles ahead of him were pulling over and slowing because of the emergency vehicle. Third, in resuming travel, Koch had a duty to observe all the rules of the road. Whether the emergency vehicle had in fact proceeded past Koch and Steffen did not excuse his duties as a driver. It was Koch who made the conscious decision to resume travel. He knew that a car had been in front of him.

[¶13.] When we examine Steffen's conduct, we find nothing to support contributory negligence. It is critical to recap a portion of her testimony:

> Q. Wait a minute. How could you see the Schwan's guy?
> A. In my rearview mirror, I was parked, I was looking out and I saw him and he was not watching the road and the next thing --
> Q. Where was he looking?
> A. To his left.
> Q. Okay. Did you continue to watch him?
> A. Yeah. I was getting a little freaked out. I couldn't go anywhere. There was a car like in front of me and a car in front of him that had all pulled over.
> Q. Then what happened?
> A. He hit me.

Steffen could not have moved forward because there were still two stationary vehicles in front of her. Koch never contradicted this. He testified generally that "when traffic started to move" he proceeded, and only then "noticed that Miss Steffen was still in the road, not moving. . . ."[2] Defense counsel argued in closing that traffic cannot "be stopped *indefinitely* in the driving lane." (Emphasis added). But closing arguments are not evidence. Koch himself gave no testimony on time or

_____

(. . . continued)
> A. Yes, it was.

2. The generality of the assertion "traffic started to move" cannot obscure the fact that "traffic" directly in front of Koch was *not* moving, i.e., Steffen's car.

distance. In fact, when he was specifically asked how far he was from Steffen's vehicle when he turned his attention back to the road after the emergency vehicle had passed, he responded, "I don't remember." It was Koch's burden to prove contributory negligence. On this record, his proof was insufficient.

[¶14.] Drivers following other vehicles have a duty to use reasonable care to so regulate their vehicles as to prevent rear-end collisions. McDonnel v. Lakings, 78 SD 195, 99 NW2d 799, 801 (1959). Indeed, SDCL 32-26-40 provides, in part:

> The driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and condition of the highway.

There were no unexpected road conditions that might excuse Koch's failure to stop. See Weber v. Bernard, 349 NW2d 51 (SD 1984). He testified that the road was wet, but he knew that long before the collision. After lawfully stopping in response to an emergency vehicle, drivers should not be held contributorily negligent merely because they fail to resume travel fast enough to avoid being rear-ended.

[¶15.] For the safety of the public and for the absolute enablement of life saving emergency services, all vehicles are required by law to "immediately" pull over, "stop," and "remain in such position . . . until the authorized emergency vehicle shall have passed." SDCL 32-31-6. How soon vehicles can resume travel will depend on a variety of factors, but drivers following behind other vehicles must remain observant of the vehicles ahead of them. SDCL 32-26-40. We have expressed doubt before about this Court's decision in Nichols v. Morkert, 85 SD 384, 182 NW2d 324 (SD 1971). See Weber, 349 NW2d at 54 n1 (Nichols' result questionable). In Nichols, a driver lawfully stopped at a traffic light was rear ended

by another vehicle. 85 SD at 385, 182 NW2d at 324. This Court upheld a jury verdict of no negligence on the part of the offending driver. *Id.* at 386, 182 NW2d at 325. But this is a different matter. It is one thing to say that a person rear-ending another vehicle can be found not negligent in the crash; it is entirely another thing to hold that a person lawfully stopped can be held contributorily negligent in being struck from behind.[3] No authority has been cited to us to support such a proposition. All the cases Koch cites involve rear-end collisions with vehicles unlawfully and unexpectedly obstructing the road.

[¶16.]     The circuit court erred in allowing the issue of contributory negligence to go to the jury. Steffen was clearly prejudiced by this error. Through special interrogatories, the jury specifically found her to be contributorily negligent. As a result, the jury was required to reduce Steffen's award in relation to her negligence. SDCL 20-9-2. Because Steffen has established error and prejudice in the court's instructions, she is entitled to a new trial.

[¶17.]     Finally, we address Schwan's notice of review issue: whether the court erroneously allowed Steffen's claim that she lost bonus wages as a result of this

---

3.     Because the requirement to stop and pull over for emergency vehicles is absolute, there is some correlation here with rear end collision cases where automobiles are stopped at traffic signs or signals. Bonica v. Gracias, 524 P2d 232 (Wash 1974) (where stops can be anticipated, even abrupt stops, no contributory negligence instruction should be given); Taylor v. Culpepper, 208 So2d 176 (Miss 1968) (plaintiff driver rear ended at traffic light – trial court erroneously gave contributory negligence instruction – judgment reversed). An instruction on contributory negligence should be limited to instances where the rear ended driver stopped both unexpectedly *and* unwarrantedly. Moore v. Fischer, 505 P2d 383, 386 (ColoApp 1972) ("To constitute contributory

(continued . . .)

accident. The jury did not award Steffen damages on her lost bonus claim. But because this issue will likely be raised on retrial, we address it now. *See* Grajczyk v. S.D. Bd. of Pardons and Paroles, 1999 SD 149, ¶4 n2, 603 NW2d 508, 510 n2 (citing Wolff v. Sec'y of S.D. Game, Fish, and Parks Dept., 1996 SD 23, ¶32, 544 NW2d 531, 537).

[¶18.]        Before Steffen was permitted to testify about her lost bonus claim, the circuit court listened to her proposed testimony out of the presence of the jury. Steffen testified that she had worked for Genex for about two years before the accident. She further indicated that during those two years she did not receive bonus wages from Genex. But, she said that this was because Genex was a new company in South Dakota and she was in the process of building clientele. By the time she was in the accident, Steffen alleged that she had developed a sufficient customer base and would have earned bonus wages from Genex. Her injuries prevented her from being able to handle her case load and she had to hire additional help. Thus, Steffen argued that her bonus was lost because of the injuries she sustained in this accident.

[¶19.]        The circuit court allowed Steffen to present her claim, over Schwan's objection, and we review this evidentiary ruling under the abuse of discretion standard. *See* Von Sternberg v. Caffee, 2005 SD 14, ¶13, 692 NW2d 549, 554 (citing *In re* Estate of Dokken, 2000 SD 9, ¶39, 604 NW2d 487, 498). On our review of the

_____

(. . . continued)
        negligence, a sudden stop by a driver of a car struck from the rear
        must be both abrupt and unwarranted.").

record, we find there was a sufficient basis for allowing this issue to go to the jury and the circuit court did not abuse its discretion.

[¶20.]        Affirmed in part, reversed in part, and remanded for a new trial.

[¶21.]        GILBERTSON, Chief Justice, and MEIERHENRY, Justice, and MILLER, Retired Justice, concur.

[¶22.]        ZINTER, Justice, concurs in part and dissents in part.

[¶23.]        MILLER, Retired Justice, sitting for SABERS, Justice, disqualified.


ZINTER, Justice (concurring in part and dissenting in part).

[¶24.]        The Court decides that the issue of contributory negligence should not have been submitted to the jury. In considering whether there is evidentiary support for giving a contributory negligence instruction, "a reviewing court must give the evidence the most favorable construction it will reasonably bear. If there is *some evidence* bearing on the issue, a reviewing court *will not disturb* the trial court's giving of an instruction." Treib v. Kern, 513 NW2d 908, 912 (SD 1994) (emphasis added) (quoting Howard v. Sanborn, 483 NW2d 796, 797 (SD 1992) (quoting Gerlach v. Ethan Coop Lumber Ass'n, 478 NW2d 828, 830 (SD 1991) (quoting Zee v. Assam, 336 NW2d 162, 164 (SD 1983)))).

[¶25.]        I respectfully dissent because in this case, there was evidence supporting a contributory negligence defense. Both Steffen and Koch agreed that Steffen remained stopped in the roadway after the emergency vehicle had passed. Moreover, there was conflicting evidence whether the traffic had started moving or whether stationary traffic was blocking Steffen's vehicle. Under these

circumstances, it was for a jury to determine whether it was reasonable for Steffen to remain stopped on the roadway "to watch" where the emergency vehicle was going.[4]

[¶26.] Steffen moved for a directed verdict and objected to the instruction permitting the jury to determine whether Steffen was contributorily negligent. In reviewing the motion for directed verdict, the Court correctly observes that we must examine the evidence on contributory negligence in a light most favorable to the nonmoving party (Koch) and give that party the benefit of all reasonable inferences fairly drawn from the evidence. *See supra* ¶7. As we have previously concluded in a recent contributory negligence case, "[a] claim that the evidence was insufficient to establish contributory negligence is viewed 'in the light most favorable to upholding the verdict.'" Johnson v. Armfield, 2003 SD 134, ¶7, 672 NW2d 478, 481 (quoting Parker v. Casa Del Rey, 2002 SD 29, ¶5, 641 NW2d 112, 115 (quoting Engberg v. Ford Motor Co., 87 SD 196, 201, 205 NW2d 104, 106 (1973))). That is because "[i]ssues of negligence, contributory negligence, and proximate cause are ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury." Luther v. City of Winner, 2004 SD 1, ¶24, 674 NW2d 339, 348 (citation omitted). "It is only when reasonable [people] can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs." Mitchell v. Ankney, 396 NW2d 312, 313 (SD 1986) (citing Wilson v. Great N. R.R. Co., 83 SD 207, 157 NW2d 19 (1968)). Ultimately, we "review a trial court's decision to grant or deny a particular instruction under the abuse of

---

4. I join the opinion of the Court on all other issues.

discretion standard." *Vetter v. Cam Wal Elec. Coop., Inc.*, 2006 SD 21, ¶10,

__NW2d __, __ (citing *Luke v. Deal*, 2005 SD 6, ¶11, 692 NW2d 165, 168; *Parker*,

2002 SD 29, ¶5, 641 NW2d at 116).

[¶27.]		Before examining the evidence supporting the trial court's decision to

give a contributory negligence instruction, we must first review the relevant

standards of care. The standards are found in two statutes. The first requires that

"[n]o person may stop, park, or leave standing any vehicle, whether attended or

unattended, upon the paved or improved or main-traveled portion of any highway . .

. when it is practical to stop, park, or leave such vehicle standing off of the paved or

improved or main-traveled portion of the highway." SDCL 32-30-1. However, the

second statute creates a limited exception when emergency vehicles are

*approaching.* In that instance vehicles must pull over, stop, and "remain in such

position . . . *until* the authorized emergency vehicle shall have *passed.*" SDCL 32-

31-6 (emphasis added). Thus, under the relevant standards of care, the Court

correctly observes that Steffen could not have been contributorily negligent in

stopping and waiting as the emergency vehicle was approaching. However, she

could have been contributorily negligent if, after stopping on the main-traveled

portion of the highway, she delayed her resumption of travel longer than practical;

*i.e.*, longer than a reasonable and prudent person would have remained stopped

after the emergency vehicle had passed.[5] *See* Myers v. Quenzer, 79 SD 248, 255,

---

5.	The trial court explained Steffen's duties to follow these statutory
	rules of the road using the usual "reasonable person" definition of
	negligence:
		When used in these instructions, negligence is the failure to use

(continued . . .)

110 NW2d 840, 843 (1961) (concluding that contributory negligence occurs in cases involving motorists who stop on the roadway when the motorist "unnecessarily place[s] and maintain[s] their car in a position of danger") (citing Haase v. Willers Truck Serv., 72 SD 353, 34 NW2d 313 (1948); Ford v. Robinson, 76 SD 457, 80 NW2d 471 (1957)).

[¶28.]     The Court asserts that the only testimony relevant to the issue of contributory negligence came from Koch and that his testimony was insufficient. *See supra* ¶11. However, there is record evidence from *both Steffen and Koch* indicating that Steffen may not have exercised reasonable care because she remained stopped on the traveled portion of the roadway *after* the emergency vehicle had passed.[6] In fact, Steffen herself conceded that she remained stopped on

---

(. . . continued)

> reasonable care. It is the doing of something that a reasonable person would not do, or the failure to do something that a reasonable person would do, under facts similar to those shown by the evidence. The law does not say how a reasonable person would act under facts similar to those shown by evidence. That is for you to decide. Breach of a duty owed to others or breach of a standard of care is negligence. Violation of the rule of the road is negligence.

> Thus, by finding Steffen slightly negligent, the jury obviously found that Steffen failed to resume travel as soon as a reasonable person would have under the facts and circumstances of this case.

6.    In coming to a contrary conclusion concerning *Steffen's* contributory negligence, the Court incorrectly focuses on *Koch's* conduct. *See supra* ¶11 (noting it is questionable whether Koch ever stopped in response to the emergency vehicle before striking Steffen); ¶12 (analyzing Koch's admission that he was aware vehicles were pulling over because of the emergency vehicle, Koch's duty to observe all the rules of the road, and Koch's decision to resume travel); ¶14 (indicating that Koch has no excuse for his failure to stop). However, *Koch's* conduct is not the relevant inquiry in determining whether Steffen was also

(continued . . .)

the traveled portion of the highway after the emergency vehicle had passed as she watched the vehicle in her "rearview mirror to see where they were going."  She further conceded that at this point, *after the emergency vehicle had passed and while she remained stopped watching in her mirror to see where the vehicle was going*, Koch was still a block or a block and one-half behind her:

> Testimony of Steffen:
>> Q.      But [when you were stopped] you were still in the travel[ed] portion of Cliff Avenue?
>> A.      Yes, everyone that was stopped was.
>> ***
>> Q.      Now, when the accident actually happened, when the impact with your vehicle happened, *the ambulance or police car had already went by*; is that correct?
>> A.      *Yes*.
>> ***
>> Q.      And you first saw [Koch's truck] when he was about two blocks away?
>> A.      No.  He was probably closer to--I don't know, maybe a block and a half or a block*, but I had just seen the police go by and was looking in my rearview mirror to see where they were going* and--or it would have been my side mirror and that is when I saw Mr. Koch....

(Emphasis added.)  Thus, Steffen conceded that well before the accident occurred, the emergency vehicle had passed, yet she remained stopped on the roadway watching where the emergency vehicle was going.

[¶29.]      Koch confirmed Steffen's concessions and also presented further evidence of contributory negligence.  First, he confirmed that the emergency vehicle

---

(. . . continued)
> negligent.  Consequently, the Court errs in focusing so heavily on Koch's conduct.  In order to determine whether Steffen can be charged with contributory negligence, the focus should initially be on Steffen's conduct.  Then, it is only if the trier of fact finds her negligent that Koch's conduct should be examined to determine relative fault.

*had passed* both of them before the accident occurred. Second, and contrary to

Steffen's testimony, he provided evidence that the traffic *had started moving*:

Testimony of Koch:

> Q. You met the ambulance *before* the collision occurred?
> A. Yes.
> Q. And *when the ambulance went by*, did you look at it?
> A. As-- I glanced as it was coming up on me.
>         ***
> Q. I see. Did you look out the window to observe *the passing emergency vehicle*?
> A. I believe so. I just glanced at it.
>         ***
> Q. When you were driving down Cliff.
> A. When I was driving down the hill *I saw an emergency vehicle go by me.* I immediately pulled over and stopped or tried to stop and **then when traffic started to move,** I pulled back on the road and proceeded to move again.
> Q. And what happened next?
> A. I noticed Miss Steffen was stopped in the roadway, and I tried to stop as best I could and there was a vehicle in the left lane and there was the post on the shoulder, like a street post, so I couldn't swerve over there. So I stopped the best I could and I couldn't quite stop and ran into Miss Steffen.
> Q. *When you noticed she was still sitting in the roadway, had the emergency vehicle already passed by*?
> A. *Yes, it was.*

(Emphasis added.) Thus, there was, at a minimum, conflicting evidence that

although the traffic had "started to move" again, Steffen remained stopped,

watching where the passing emergency vehicle was going.

[¶30.] Steffen, however, contends that she could not have moved after the

vehicle passed because there were two stationary vehicles in front of her. However,

even if true, this evidence was contradicted by Koch who testified that he pulled out

and proceeded down Cliff Avenue "when traffic started to move."[7] Considering Koch's testimony that the traffic had started moving in conjunction with Steffen's concession that Koch's vehicle was still a block or a block and one-half behind her when the emergency vehicle had passed, there was at least conflicting evidence whether Steffen may have breached her duty to act with reasonable care by failing to resume travel as soon as practical after the emergency vehicle had passed her.

[¶31.]    The Court, however, believes that Koch's testimony that the "traffic started to move" is a mere "generality" and "assertion" not entitled to as much probative value as Steffen's testimony that "I couldn't go anywhere." *See supra* ¶13 and n2. In my view, this analysis improperly "weighs" conflicting evidence. We have consistently held that in analyzing this contributory negligence question, we are to do so "without weighing the evidence." Thompson v. Mehlhaff, 2005 SD 69, ¶38, 698 NW2d 512, 523. The Court fails to follow this rule when it elevates Steffen's version of what occurred over Koch's. Because the two witnesses' statements create conflicting inferences, this is a classic jury question rather than a question to be decided by this Court on appellate review.

[¶32.]    This conflicting evidence was relied upon by Koch in arguing to the court and to the jury that Steffen was contributory negligent. Specifically, in resisting the directed verdict motion and arguing for a contributory negligence instruction, defense counsel pointed out:

---

7.    The clause "when traffic started to move" is an adjective clause that Koch used to identify and describe the concept of time. *See* Donald W. Emery et al., *English Fundamentals* 80 (12th ed 2002) ("*When* and

(continued . . .)

. . . I think there's a fact question as to the plaintiff's contributory negligence. She testified that she stopped her vehicle in the lane of traffic and that when the accident happened the emergency vehicle had already passed by. I think the jury gets to make a determination as to whether or not she violated SDCL 32-30-1 by leaving her vehicle stopped for an inappropriate length of time on the roadway.

Similarly, [Koch] argued to the jury:

After the ambulance passed by though, [Koch] started traveling again along with all the other traffic in the area, but for what ever reason Miss Steffen just sat there and didn't move. Even though she told you when the accident happened the ambulance was already passed by. [Koch] had the right to assume that the traffic would not be stopped indefinitely in the driving lane. When he realized she wasn't moving, he attempted to avoid the accident but was unable to do so.

[¶33.] These arguments were justified by the rules of the road and the conflicting evidence. The relevant standards of care only authorized Steffen to stop on the traveled portion of a highway for as long as "practical" and until an emergency vehicle has "passed." Considering the record evidence that Steffen remained stopped after the emergency vehicle had passed watching "to see where it was going," and considering the fact that there was evidence that the traffic had started moving, a fact finder was required to determine whether Steffen was really blocked or whether she waited too long to proceed with the other traffic.

[¶34.] Finally, it must be emphasized that this case is unlike *Johnson v. Armfield*, where "[t]he sole basis for [the defendant's] contributory negligence defense [was] his own *bare assertion* that [plaintiff] was speeding and [plaintiff's]

---

(. . . continued)
> *where* introduce adjective clauses in combinations meaning 'time when' and 'place where.'").

admission that she tended to drive five miles per hour over the speed limit." 2003 SD 134, ¶11, 672 NW2d at 481. This case has undisputed *evidence* from both drivers that Steffen remained stopped *after the emergency vehicle had passed.* And, there is conflicting evidence whether the traffic started moving or whether she was blocked. Therefore, this case involves evidence and inferences of contributory negligence rather than bare assertions and arguments.[8] For all of the foregoing reasons, the trial court did not abuse its discretion and should be affirmed.

---

8.  The Court indicates that traffic signal cases suggest that no contributory negligence instruction should have been given in this case. *See supra* n3. However, the cases cited are either distinguishable or the rule of law that was applied would permit the issue to go to the jury in this case. The following cases are distinguishable: *Taylor v. Culpepper*, 208 So2d 176, 178 (Miss 1968) (distinguishable because it specifically noted that plaintiff testified he signaled a stop and defendant did not deny it. Therefore, the evidence was not sufficient to give the jury a contributory negligence instruction for plaintiff's failure to signal that he was stopping); Moore v. Fischer, 31 ColoApp 425, 430, 505 P2d 383, 386 (ColoApp 1972) (distinguishable because under the facts of that case there was no evidence that the plaintiff's initial stop was abrupt and unwarranted).

    On the other hand, the rule of the remaining cases would warrant a contributory negligence instruction here. Washington follows the rule that: "There must be substantial evidence that plaintiff's own negligence proximately contributed to the injury *or evidence from which such negligence can be reasonably inferred.*" Bonica v. Gracias, 84 Wash2d 99, 100, 524 P2d 232, 233 (Wash 1974) (involving a case where "no evidence" of contributory negligence was elicited) (citing Jackson v. Seattle, 15 Wash2d 505, 131 P2d 172 (1942)) (emphasis added). Thus, if there is evidence from which contributory negligence *may be reasonably inferred*; *e.g.*, Steffen's admission that she remained stopped after the emergency vehicle had passed and Koch's testimony that the traffic started moving, the contributory negligence dispute should have been submitted to the jury.