ZINTER, Justice
(concurring in part and dissenting in part).
[¶ 24.] The Court decides that the issue of contributory negligence should not have been submitted to the jury. In consider *622 ing whether there is evidentiary support for giving a contributory negligence instruction, “a reviewing court must give the evidence the most favorable construction it will reasonably bear. If there is some evidence bearing on the issue, a reviewing court will not disturb the trial court’s giving of an instruction.” Treib v. Kern, 513 N.W.2d 908, 912 (S.D.1994) (emphasis added) (quoting Howard v. Sanborn, 483 N.W.2d 796, 797 (S.D.1992) (quoting Gerlach v. Ethan Coop Lumber Ass’n, 478 N.W.2d 828, 830 (S.D.1991) (quoting Zee v. Assam, 336 N.W.2d 162, 164 (S.D.1983)))).
[¶ 25.] I respectfully dissent because in this case, there was evidence supporting a contributory negligence defense. Both Steffen and Koch agreed that Steffen remained stopped in the roadway after the emergency vehicle had passed. Moreover, there was conflicting evidence whether the traffic had started moving or whether stationary traffic was blocking Steffen’s vehicle. Under these circumstances, it was for a jury to determine whether it was reasonable for Steffen to remain stopped on the roadway “to watch” where the emergency vehicle was going.[4]
[¶ 26.] Steffen moved for a directed verdict and objected to the instruction permitting the jury to determine whether Steffen was contributorily negligent. In reviewing the motion for directed verdict, the Court correctly observes that we must examine the evidence on contributory negligence in a light most favorable to the nonmoving party (Koch) and give that party the benefit of all reasonable inferences fairly drawn from the evidence. See supra ¶ 7. As we have previously concluded in a recent contributory negligence case, “[a] claim that the evidence was insufficient to establish contributory negligence is viewed ‘in the light most favorable to upholding the verdict.’ ” Johnson v. Armfield, 2003 SD 134, ¶ 7, 672 N.W.2d 478, 481 (quoting Parker v. Casa Del Rey, 2002 SD 29, ¶ 5, 641 N.W.2d 112, 115 (quoting Engberg v. Ford Motor Co., 87 S.D. 196, 201, 205 N.W.2d 104, 106 (1973))). That is because “[i]ssues of negligence, contributory negligence, and proximate cause are ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury.” Luther v. City of Winner, 2004 SD 1, ¶ 24, 674 N.W.2d 339, 348 (citation omitted). “It is only when reasonable [people] can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs.” Mitchell v. Ankney, 396 N.W.2d 312, 313 (S.D.1986) (citing Wilson v. Great N. R.R. Co., 83 S.D. 207, 157 N.W.2d 19 (1968)). Ultimately, we “review a trial court’s decision to grant or deny a particular instruction under the abuse of discretion standard.” Vetter v. Cam Wal Elec. Coop., Inc., 2006 SD 21, ¶ 10, 711 N.W.2d 612, 615 (citing Luke v. Deal, 2005 SD 6, ¶ 11, 692 N.W.2d 165, 168; Parker, 2002 SD 29, ¶5, 641 N.W.2d at 116).
[¶27.] Before examining the evidence supporting the trial court’s decision to give a contributory negligence instruction, we must first review the relevant standards of care. The standards are found in two statutes. The first requires that “[n]o person may stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main-traveled portion of any highway ... when it is practical to stop, park, or leave such vehicle standing off of the paved or improved or main-traveled portion of the highway.” SDCL 32-30-1. However, the second statute creates a limited exception when emergency vehicles are approaching. In that instance vehicles must pull over, stop, *623 and “remain in such position ... until the authorized emergency vehicle shall have passed.” SDCL 32-31-6 (emphasis added). Thus, under the relevant standards of care, the Court correctly observes that Steffen could not have been contributorily negligent in stopping and waiting as the emergency vehicle was approaching. However, she could have been contribu-torily negligent if, after stopping on the main-traveled portion of the highway, she delayed her resumption of travel longer than practical; i.e., longer than a reasonable and prudent person would have remained stopped after the emergency vehicle had passed.[5] See Myers v. Quenzer, 79 S.D. 248, 255, 110 N.W.2d 840, 843 (1961) (concluding that contributory negligence occurs in cases involving motorists who stop on the roadway when the motorist “unnecessarily placets] and maintain[s] their car in a position of danger”) (citing Haase v. Willers Truck Serv., 72 S.D. 353, 34 N.W.2d 313 (1948); Ford v. Robinson, 76 S.D. 457, 80 N.W.2d 471 (1957)).
[¶ 28.] The Court asserts that the only testimony relevant to the issue of contributory negligence came from Koch and that his testimony was insufficient. See supra ¶ 11. However, there is record evidence from both Steffen and Koch indicating that Steffen may not have exercised reasonable care because she remained stopped on the traveled portion of the roadway after the emergency vehicle had passed.[6] In fact, Steffen herself conceded that she remained stopped on the traveled portion of the highway after the emergency vehicle had passed as she watched the vehicle in her “rearview mirror to see where they were going.” She further conceded that at this point, after the emergency vehicle had passed and while she remained stopped watching in her mirror to see where the vehicle was going, Koch was still a block or a block and one-half behind her:
Testimony of Steffen:
Q. But [when you were stopped] you were still in the traveled] portion of Cliff Avenue?
A. Yes, everyone that was stopped was.
* ⅜ ⅝
Q. Now, when the accident actually happened, when the impact with your *624 vehicle happened, the ambulance or police car had already went by; is that correct?
A. Yes.
[[Image here]]
Q. And you first saw [Koch’s truck] when he was about two blocks away?
A. No. He was probably closer to — I don’t know, maybe a block and a half or a block, but I had just seen the police go by and was looking in my rearview mirror to see where they were going and — or it would have been my side mirror and that is when I saw Mr. Koch....
(Emphasis added.) Thus, Steffen conceded that well before the accident occurred, the emergency vehicle had passed, yet she remained stopped on the roadway watching where the emergency vehicle was going.
[¶ 29.] Koch confirmed Steffen’s concessions and also presented further evidence of contributory negligence. First, he confirmed that the emergency vehicle had passed both of them before the accident occurred. Second, and contrary to Steffen’s testimony, he provided evidence that the traffic had started moving:
Testimony of Koch:
Q. You met the ambulance before the collision occurred?
A. Yes.
Q. And when the ambulance went by, did you look at it?
A. As — I glanced as it was coming up on me.
[[Image here]]
Q. I see. Did you look out the window to observe the passing emergency vehicle?
A. I believe so. I just glanced at it.
[[Image here]]
Q. When you were driving down Cliff.
A. When I was driving down the hill I saw an emergency vehicle go by me. I immediately pulled over and stopped or tried to stop and then when traffic started to move, I pulled back on the road and proceeded to move again.
Q. And what happened next?
A. I noticed Miss Steffen was stopped in the roadway, and I tried to stop as best I could and there was a vehicle in the left lane and there was the post on the shoulder, like a street post, so I couldn’t swerve over there. So I stopped the best I could and I couldn’t quite stop and ran into Miss Steffen.
Q. When you noticed she was still sitting in the roadway, had the emergency vehicle already passed by?
A. Yes, it was.
(Emphasis added.) Thus, there was, at a minimum, conflicting evidence that although the traffic had “started to move” again, Steffen remained stopped, watching where the passing emergency vehicle was going.
[¶ 30.] Steffen, however, contends that she could not have moved after the vehicle passed because there were two stationary vehicles in front of her. However, even if true, this evidence was contradicted by Koch who testified that he pulled out and proceeded down Cliff Avenue “when traffic started to move.”[7] Considering Koch’s testimony that the traffic had started moving in conjunction with Steffen’s concession *625 that Koch’s vehicle was still a block or a block and one-half behind her when the emergency vehicle had passed, there was at least conflicting evidence whether Stef-fen may have breached her duty to act with reasonable care by failing to resume travel as soon as practical after the emergency vehicle had passed her.
[¶ 31.] The Court, however, believes that Koch’s testimony that the “traffic started to move” is a mere “generality” and “assertion” not entitled to as much probative value as Steffen’s testimony that “I couldn’t go anywhere.” See supra ¶ 13 and n. 2. In my view, this analysis improperly “weighs” conflicting evidence. We have consistently held that in analyzing this contributory negligence question, we are to do so “without weighing the evidence.” Thompson v. Mehlhaff, 2005 SD 69, ¶ 38, 698 N.W.2d 512, 523. The Court fails to follow this rule when it elevates Steffen’s version of what occurred over Koch’s. Because the two witnesses’ statements create conflicting inferences, this is a classic jury question rather than a question to be decided by this Court on appellate review.
[¶ 32.] This conflicting evidence was relied upon by Koch in arguing to the court and to the jury that Steffen was contributory negligent. Specifically, in resisting the directed verdict motion and arguing for a contributory negligence instruction, defense counsel pointed out:
... I think there’s a fact question as to the plaintiffs contributory negligence. She testified that she stopped her vehicle in the lane of traffic and that when the accident happened the emergency vehicle had already passed by. I think the jury gets to make a determination as to whether or not she violated SDCL 32-30-1 by leaving her vehicle stopped for- an inappropriate length of time on the roadway.
Similarly, [Koch] argued to the jury:
After the ambulance passed by though, [Koch] started traveling again along with all the other traffic in the area, but for what ever reason Miss Steffen just sat there and didn’t move. Even though she told you when the accident happened the ambulance was already passed by. [Koch] had the right to assume that the traffic would not be stopped indefinitely in the driving lane. When he realized she wasn’t moving, he attempted to avoid the accident but was unable to do so.
[¶ 33.] These arguments were justified by the rules of the road and the conflicting evidence. The relevant standards of care only authorized Steffen to stop on the traveled portion of a highway for as long as “practical” and until an emergency vehicle has “passed.” Considering the record evidence that Steffen remained stopped after the emergency vehicle had passed watching “to see where it was going,” and considering the fact that there was evidence that the traffic had started moving, a fact finder was required to determine whether Steffen was really blocked or whether she waited too long to proceed with the other traffic.
[¶ 34.] Finally, it must be emphasized that this case is unlike Johnson v. Arm-field, where “[t]he sole basis for [the defendant’s] contributory negligence defense [was] his own bare assertion that [plaintiff] was speeding and [plaintiffs] admission that she tended to drive five miles per hour over the speed limit.” 2003 SD 134, ¶ 11, 672 N.W.2d at 481. This case has undisputed evidence from both drivers that Steffen remained stopped after the emergency vehicle had passed. And, there is conflicting evidence whether the traffic started moving or whether she was *626 blocked. Therefore, this case involves evidence and inferences of contributory negligence rather than bare assertions and arguments.[8] For all of the foregoing reasons, the trial court did not abuse its discretion and should be affirmed.

. I join the opinion of the Court on all other issues.

. The trial court explained Steffen's duties to follow these statutory rules of the road using the usual “reasonable person” definition of negligence:
When used in these instructions, negligence is the failure to use reasonable care. It is the doing of something that a reasonable person would not do, or the failure to do something that a reasonable person would do, under facts similar to those shown by the evidence. The law does not say how a reasonable person would act-under facts similar to those shown by evidence. That is for you to decide. Breach of a duty owed to others or breach of a standard of care is negligence. Violation of the rule of the road is negligence.
Thus, by finding Steffen slightly negligent, the jury obviously found that Steffen failed to resume travel as soon as a reasonable person would have under the facts and circumstances of this case.

. In coming to a contrary conclusion concerning Steffen’s contributory negligence, the Court incorrectly focuses on Koch's conduct. See supra ¶ 11 (noting it is questionable whether Koch ever stopped in response to the emergency vehicle before striking Steffen); ¶ 12 (analyzing Koch’s admission that he was aware vehicles were pulling over because of the emergency vehicle, Koch’s duty to observe all the rules of the road, and Koch’s decision to resume travel); ¶ 14 (indicating that Koch has no excuse for his failure to stop). However, Koch’s conduct is not the relevant inquiry in determining whether Steffen was also negligent. Consequently, the Court errs in focusing so heavily on Koch's conduct. In order to determine whether Steffen can be charged with contributory negligence, the focus should initially be on Steffen’s conduct. ■ Then, it is only if the trier of fact finds her negligent that Koch's conduct should be examined to determine relative fault.

. The clause "when traffic started to move” is an adjective clause that Koch used to identify and describe the concept of time. See Donald W. Emery et al., English Fundamentals 80 (12th ed 2002) (“When and where introduce adjective clauses in combinations meaning 'time when' and 'place where.’ ”).

. The Court indicates that traffic signal cases suggest that no contributory negligence instruction should have been given in this case. See supra n3. However, the cases cited are either distinguishable or the rule of law that was applied would permit the issue to go to tire jury in this case. The following cases are distinguishable: Taylor v. Culpepper, 208 So.2d 176, 178 (Miss.1968) (distinguishable because it specifically noted that plaintiff testified he signaled a stop and defendant did not deny it. Therefore, the evidence was not sufficient to give the jury a contributory negligence instruction for plaintiffs failure to signal that he was stopping); Moore v. Fischer, 31 Colo.App. 425, 430, 505 P.2d 383, 386 (Colo.App.1972) (distinguishable because under the facts of that case there was no evidence that the plaintiff's initial stop was abrupt and unwarranted).
On the other hand, the rule of the remaining cases would warrant a contributory negligence instruction here. Washington follows the rule that: "There must be substantial evidence that plaintiff's own negligence proximately contributed to the injury or evidence from, which such negligence can be reasonably inferred." Bonica v. Gracias, 84 Wash.2d 99, 100, 524 P.2d 232, 233 (Wash 1974) (involving a case where "no evidence” of contributory negligence was elicited) (citing Jackson v. Seattle, 15 Wash.2d 505, 131 P.2d 172 (1942)) (emphasis added). Thus, if there is evidence from which contributory negligence may be reasonably inferred; e.g., Steffen's admission that she remained stopped after the emergency vehicle had passed and Koch's testimony that the traffic started moving, the contributory negligence dispute should have been submitted to the jury.